CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant, vs. RAILROAD COMMISSION OF WISCONSIN, Respondent (Ixonia relocation proceedings).

*April 7—June 22, 1925.*

*Railroads: Relocation of highways: When complete: Statutes: Retroactive effect.*

1. Generally, a statute conferring a new right will not be given a retroactive effect unless such intent is clearly expressed. p. 382.
2. Sec. 195.19, Stats., does not authorize the railroad commission to assess a railroad company for the improvement of a state highway, which was relocated to divert traffic from grade crossings, by the purchase of and payment for land acquired by the state highway commission before the statute was enacted. p. 382.
3. When the highway commission acquired land to be used for a relocated highway the relocation was complete, there being nothing about the surfacing or improvement of the highway thereafter which diverts a material portion of traffic from a grade crossing in the sense in which the word "divert" is used in sec. 195.19, Stats. p. 383.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed, with directions.*

In 1917 state trunk highway No. 19 between Milwaukee and Watertown ran east and west. East of Watertown it crossed the railroad tracks to the south and ran east south of the tracks for a distance of about a mile, when it recrossed the tracks to the north by way of a subway and proceeded east north of the track. The highway was relocated so as to run directly east north of the railroad tracks. The land for the relocation was purchased by the highway commission and title acquired in March, 1919. The contract for the grading was made in September, 1919, and between the months of August and November, 1920, the concrete pavement was laid. On May 31, 1919, ch. 255 of the Laws of 1919 went into effect. It added a new subdivision to sec. 1797—12e, Stats.

(now sec. 195.19), the material parts of which are as fol-
lows:

"The commission, upon petition of the Wisconsin highway
commission, the county board of any county, the common
council of any city, the village board of any village or the
town board of any town to the effect that one or more of
them have undertaken or propose to undertake to relocate
an existing highway, to improve an existing highway, or to
construct a new highway in such manner as to eliminate an
existing highway grade crossing or crossings with any rail-
road or so as to permanently divert a·material portion of
the highway traffic from an existing highway grade crossing
or crossings with any railroad, shall issue notice of investiga-
tion and hearing as provided in section 1797—12. . . ."

The statute then provides that upon the making of such
petition and hearing the *Railroad Commission* may require
the railway company to pay a sum which shall be reasonably
equivalent to the benefits received. On June 22, 1921, the
Wisconsin highway commission filed with the *Railroad Com-
mission* a petition asking the *Railroad Commission* to pro-
ceed under the statute. A hearing was held and an order
entered directing the railroad company to pay the sum of
$3,000 on account of the relocation.

This action was begun in the circuit court for Dane county
to set aside the order of the *Railroad Commission* entered
on the 5th day of December, 1922. From the judgment
affirming the action of the *Railroad Commission* the plaintiff
appeals.

For the appellant the cause was submitted on the brief
of *Henry J. Killilea* and *Rodger M. Trump,* both of Mil-
waukee, and *Sanborn, Blake & Aberg of Madison,* and for
the respondent on that of the *Attorney General* and *Franklin
E. Bump,* assistant attorney general.

ROSENBERRY, J. The sole question raised upon this ap-
peal is whether or not ch. 255 of the Laws of 1919 is retro-
active. On behalf of the plaintiff it is contended that there
was no project as to which it could be said that the high-

way commission, the petitioners herein, "have undertaken or propose to undertake to relocate an existing highway," etc. The language of the petition was:

"The Wisconsin highway commission respectfully represents and shows that it has relocated and improved state trunk highway No. 19 between Watertown and Ixonia, Jefferson county."

The prayer for relief was:

"We therefore petition your commission to make such investigations, hold such hearing as may be necessary to determine the benefit derived by said railway company from said relocation, and to issue such orders in the matter as may be justified by the law and facts."

Where the land had been purchased and paid for prior to the enactment of the statute, the relocation was complete when the statute was enacted. If the *Railroad Commission* under the statute in question has authority to assess benefits where the location is complete at the time the statute was enacted, it might go back indefinitely. If it can go back two months it can go back twelve. The general rule is that a statute which confers a new right is not to be given retroactive effect unless the intention that it shall act retroactively is clearly expressed. *Read v. Madison,* 162 Wis. 94, 155 N. W. 954; *Quinn v. C., M. & St. P. R. Co.* 141 Wis. 497, 124 N. W. 653; *Lanz-Owen & Co. v. Garage E. Mfg. Co.* 151 Wis. 555, 139 N. W. 393; Sutherland, Stat. Constr. § 463.

The statute by its terms applies only to those projects which are in process of relocation or where the relocation project shall thereafter be undertaken. Here all that ever could be done to divert traffic had been done so far as the relocation was concerned. All that remained to be done when the statute was enacted was to improve the right of way already acquired.

It is contended by the defendant that the question of whether the statute was intended by the legislature to be retroactive is not involved and need not be passed upon in

this case because there was in fact no relocation in existence at the time of the enactment. The highway commission had no power or authority to acquire land for any other than highway purposes. When it acquired the land prior to the enactment of the statute it relocated the highway— that is, it fixed the place where the improved highway was to be. There was nothing about the improvement of the highway thereafter or the construction of the highway which would permanently divert a material portion of highway traffic in the sense in which that term is used in the statute. If there were two highways, one of which crossed the railroad track at grade and the other above or below the grade, the mere improvement of the second way so as to make it easier for people to travel upon it would not bring such an improvement within the terms of the statute. The improvement relates to a plan by the operation of which a material portion of the highway traffic is to be diverted, and not to the surfacing or other similar improvement of the highway after it is located. To illustrate, suppose there are two highways, A and B, which connect two common points. A crosses the railroad track at grade, B does not cross the railroad track at any point. The improvement of B by surfacing it so that it will be traveled more than A is not such an improvement as the statute contemplates. Such an improvement confers no direct benefit upon the railway company and is at best a remote and incidental benefit. In this case, after the highway was relocated, there was nothing done by way of improvement but to surface the relocated highway. No viaduct or under-pass was constructed or other change made which would divert traffic within the meaning of the statute.

*By the Court.*—Judgment of the circuit court is reversed, with directions to enter judgment setting aside and vacating the order of the *Railroad Commission* entered December 5, 1922, requiring the plaintiff to pay to the treasurer of Jefferson county, Wisconsin, the sum of $3,000.