STATE of Wisconsin (Work Injury Supplemental Benefit Fund), Plaintiff-Appellant,†

v.

DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS and McKinley Cowden, Defendants-Respondents.

Supreme Court

No. 80–917.  Argued January 6, 1981.—Decided April 29, 1981.
(Also reported in 304 N.W.2d 758.)

† Motion for reconsideration denied, without costs, on June 23, 1981.

For the appellant the cause was argued by *Stephen M. Sobota*, assistant attorney general, with whom on the briefs was *Bronson C. La Follette*, attorney general.

For the respondent Department of Industry, Labor and Human Relations, there was a brief and oral argument by *Floyd F. Tefft*, of Madison.

For the respondent McKinley Cowden there was a brief by *Herbert S. Bratt* and *Zubrensky, Padden, Graf & Bratt*, and oral argument by *Philip L. Padden*, all of Milwaukee.

DAY, J. This case is an appeal on bypass of the court of appeals, pursuant to sec. 808.05, Stats. 1973, and Rule 809.60, from a judgment of the circuit court for Dane county, RICHARD W. BARDWELL, circuit judge. The sole question presented on appeal is: Do secs. 102.66(1)[1] and 102.17(4),[2] Stats. 1975, authorize the Department of

---

[1] Sec. 102.66, Stats. 1975. "**Payment of certain barred claims.** (1) In the event that there is an otherwise meritorious claim for occupational disease barred solely by the statute of limitations under s. 102.17(4), the department may in lieu of worker's compensation benefits direct payment from the work injury supplemental benefit fund under s. 102.65 such compensation and such medical expenses as would otherwise be due, based on the date of injury to or on behalf of the injured employe. Such benefits shall be supplemental to the extent of compensation liability to any disability or medical benefits payable from any group insurance policy where the premium is paid in whole or in part by any employer. Death benefits payable under any such group policy do not limit the benefits payable under this section."

[2] Sec. 102.17, Stats. 1975. "**Procedure; notice of hearing; witnesses, contempt; testimony, medical examination.** . . . (4) The right of an employe, the employe's legal representative or dependent to proceed under this section shall not extend beyond 6 years from the date of the injury or death or from the date that compensation, other than treatment or burial expenses, was last

Industry, Labor and Human Relations (department) to direct payment of a claim from the Work Injury Supplemental Benefit Fund (supplemental fund)[3] to an em-

paid, or would have been last payable if no advancement were made whichever date is latest. In case of injury or death caused by lung disease or by exposure to a toxic substance or to ionized radiation the time limit shall be 12 years but in the case of occupational disease there shall be no statute of limitations, except that benefits or treatment expense becoming due after the 6-year period set forth in this subsection or 12 years from the date of injury or death or last payment of compensation in cases of lung disease or exposure to a toxic substance or ionized radiation, shall be paid from the work injury supplemental benefit fund under s. 102.65 and in the manner provided in s. 102.66. Payment of wages by the employer during disability or absence from work to obtain treatment shall be deemed payment of compensation for the purpose of this section if the employer knew of the employe's condition and its alleged relation to the employment."

[3] The supplemental fund is established under sec. 102.65, Stats. 1977, which provides:

"102.65. **Work injury supplemental benefit fund (1).** The moneys payable to the state treasury under ss. 102.49 and 102.59, together with all accrued interest, shall constitute a fund to be known as the 'Work Injury Supplemental Benefit Fund.'

"(2) For proper administration of the moneys available in the fund the department shall by order, set aside in the state treasury suitable reserves to carry to maturity the liability for benefits under ss. 102.44, 102.49, 102.59 and 102.66. Such moneys shall be invested by the investment board in securities authorized in s. 206.34.

"(3) If the balance in the fund on any June 30 exceeds 3 times the amount paid out of such fund during the fiscal year ending on such date, the department shall by order direct an appropriate proportional reduction of the payments into such fund under ss. 102.49 and 102.59 so that the balance in the fund will remain at 3 times the payments made in the preceding fiscal year."

Secs. 102.49 and 102.59, Stats. 1977, provide for payments into the supplemental fund by employers in cases of death or certain types of injuries to their covered employees. These payments generally equal $2,500 in cases of injury resulting in death and $4,000 in cases of loss or impairment of a hand, arm, foot, leg or eye.

ployee whose claim for worker's compensation against his employer for occupational disease has been extinguished by the running of the pre-existing statute of limitations contained in sec. 102.17(4),[4] Stats 1965?

We conclude that the department was so authorized and affirm the judgment of the circuit court.

McKinley Cowden (claimant) worked as a pipefitter for Rexnord, Inc., from 1941 until his retirement in 1966. On October 26, 1978, Mr. Cowden filed an application, which was served on November 3, 1978, to receive benefits pursuant to sec. 102.555, Stats. 1977, the section dealing with occupational deafness. On November 24, 1978, Rexnord and its insurance carrier denied any liability on the ground that Cowden's claim, which accrued in 1966, had run in 1972, by operation of the six-year statute of limitations found within sec. 102.17(4), Stats 1965.

The claimant and the state, representing the supplemental fund, stipulated that the claim against his former employer, Rexnord, for worker's compensation benefits expired in 1972. He pursued his claim to recover payments from the supplemental fund pursuant to sec. 102.-66(1), Stats. 1975 (*supra,* footnote 1).

The claimant and the state submitted the matter to the department on a written stipulation of facts.[5]

[4] Sec. 102.17, Stats. 1965. "**Procedures; notice of hearing; witnesses, contempt; testimony, medical examination. . . .** (4) The right of an employe, his legal representative or dependent to proceed under this section shall not extend beyond 6 years from the date of the injury or death or from the date that compensation (other than medical treatment or burial expenses) was last paid, or would have been last payable if no advancement were made, whichever date is latest, except that in case of injury or death caused by exposure in ionized radiation the right to proceed hereunder shall be subject to no time limitations."

[5] "That the applicant and the State of Wisconsin have stipulated the facts as follows: that the applicant was born on September 24, 1899, and worked as a pipefitter for Rexnord, Inc., from 1941 to 1966; that he was earning maximum wages when he re-

On April 26, 1979, the department's hearing examiner issued an order dismissing claimant's application against Rexnord on the basis that his claim against the employer was barred by the statute of limitations and against the state on the ground that the department lacked jurisdiction because:

(1) Sec. 102.66(1), Stats. 1975, was not in effect at the time of the claimant's injury; and

(2) Sec. 102.66(1), Stats. 1975, was not made retroactive in its application.

On May 3, 1979, the claimant petitioned the department for review of the hearing examiner's order pursuant to sec. 102.18(2), Stats. 1977. On August 16, 1979, the commission issued an order setting aside the examiner's order on the ground of probable error. On August 31, 1979, the commission made its findings of fact and ordered payment of the claim in the amount of $2,375.44

---

tired from work in 1966 at age 65; that he filed an application requesting Section 102.555, Stats., benefits on November 3, 1978; that respondent and its insurer, Employers Insurance of Wausau, have denied the claim as barred by the Statute of Limitations and the applicant and State concur that the respondent has no liability in this matter; that compensation due to occupational hearing loss on this otherwise meritorious claim is equivalent to 51.64 weeks of permanent partial disability at $46.00 per week for a total of $2,375.44.

"That applicant's right to recover worker's compensation from respondent and its insurer was time barred by operation of Section 102.17(4), Stats. 1965, when his application for payment under Section 102.55 [sic], Stats., was filed on November 3, 1978; that applicant's claim for payment based on occupational hearing loss is a claim for payment based on occupational disease; that said claim is otherwise meritorious; that Section 102.66(1), Stats. 1975, provides for direct payment from the Work Injury Supplemental Benefit Fund in lieu of worker's compensation benefits for such claims of such compensation and medical expenses as would otherwise be due, based on the date of injury to or on behalf of the injured employe; that applicant is entitled to such payment in the sum of $2,375.44."

from the supplemental fund. In its order, the commission concluded:

". . . that it was the intention of the legislature to direct payment of claims, such as that of this applicant by the State of Wisconsin from the Work Injury Supplemental Benefit Fund to all workers within the class described in Section 102.66(1), Stats., (1975) as of December 30, 1975, whose claims for occupational disease would otherwise be uncompensated."

On September 19, 1979, the state of Wisconsin, representing the supplemental fund, commenced this action against the department and the claimant (defendants) to set aside the commission's findings and order.

On March 19, 1980, the circuit court filed a memorandum decision affirming the commission's order, stating in part:

"We conclude that secs. 102.17(4) and 102.66(1), Stats. 1975, enunciated the meritorious policy of this state that workers who have suffered, and can prove, work-inflicted occupational diseases shall be compensated from the state fund, regardless of when that injury was incurred."

Judgment was entered on April 12, 1980, affirming the commission's order directing payment from the supplemental fund to claimant in the amount of $2,375.44.

The state of Wisconsin on behalf of the supplemental fund filed a notice of appeal from the judgment in the circuit court on May 15, 1980. This court granted the state's petition to bypass the court of appeals on October 17, 1980.

As a result of the stipulation of facts, only a question of law remained for commission determination which is not binding on the court and is reviewable by the circuit court and by this court on appeal. *Larson v. ILHR Department*, 76 Wis.2d 595, 602, 252 N.W.2d 33 (1977).

Although not bound by the department's determination of a question of law, this court has stated that it:

". . . does defer to some extent to the legal construction and application of a statute by the agency charged with enforcement of that statute . . . [and] will not reverse a determination made by the enforcing agency where such interpretation is one among several reasonable interpretations that can be made, equally consistent with the purpose of the statute." *Larson, supra,* 76 Wis. 2d at 603. (Quoting *De Leeuw v. ILHR Dept.,* 71 Wis.2d 446, 449, 238 N.W.2d 706 (1976).)

The question is whether the commission has the authority to award the payment of $2,375.44 from the state fund pursuant to sec. 102.66(1), Stats. 1975, to claimant, whose "otherwise meritorious claim" for worker's compensation became extinguished in 1972 by operation of the then-existing statute of limitations, sec. 102.17(4), Stats. 1965.

The state contends that claimant's claim expired in 1972 under sec. 102.17(4), Stats. 1965, and having been extinguished, he possessed neither a right nor a remedy for his injury, when he filed his application for benefits in 1978. The state further contends that the commission should have dismissed claimant's application for benefits on the ground that sec. 102.66(1), Stats. 1975, may not be applied retroactively.

The claimant contends that sec. 102.66(1), Stats. 1975 created a new right against the state fund for supplemental benefits, not a revival of an extinguished claim against his employer for worker's compensation benefits. The respondents rely on that language of sec. 102.66(1), Stats. 1975, which reads:

"In the event . . . , the department may *in lieu of worker's compensation benefits* direct payment from the work injury supplemental benefit fund under sec. 102.65 . . ." (Emphasis added.)

Under Wisconsin law legislation is presumed to be prospective unless the statutory language clearly reveals by express language or necessary implication an intent that it apply retroactively. *Hunter v. School Dist. Gale-Ettrick-Trempealeau*, 97 Wis.2d 435, 444–445, 293 N.W.2d 515 (1980).

We conclude that sec. 102.66(1), Stats. 1975, by necessary implication requires a finding that it applies retroactively to claims barred by earlier statutes of limitation, under the Worker's Compensation Act.

Construction here involves two separate but related statutes. Sec. 102.66(1), Stats., provides for the payment of certain claims from the state fund, and sec. 102.17(4) is a statute of limitations. These must be construed *in pari materia* because sec. 102.66(1), Stats. 1975, makes explicit mention of its direct and immediate relationship to sec. 102.17(4):

". . . in the event that there is an otherwise meritorious claim for occupational disease barred solely by the statute of limitations under sec. 102.17(4). . . ."

Both statutes were created by ch. 147, Laws of 1975, and both were made effective on the same date, December 30, 1975. Where statutes of such direct and immediate linkage are passed under identical circumstances, they must be considered *in pari materia* and harmonized if possible. *State v. Wachsmuth*, 73 Wis.2d 318, 325, 243 N.W.2d 410 (1976).

Construed together, the language found within sec. 102.66(1), Stats. 1975, shows an intent on the part of the legislature to apply the section retrospectively to claims otherwise barred by the statute of limitations.

The old version of sec. 102.17(4), Stats. 1965, contained a six-year period of limitation to claims for occu-

pational disease. The 1975 amendment of this section eliminated this six-year period of limitation, providing that no limitation was applicable to claims for occupational disease.

Sec. 102.66(1), Stats., provides:

"In the event that there is an otherwise meritorious claim for occupational disease barred solely by the statute of limitations under s. 102.17(4), the department may in lieu of worker's compensation benefits direct payment. . . ."

Because amended sec. 102.17(4), Stats. 1975, provides there shall be no statute of limitations for occupational disease, the only barred claim for occupational disease would have to be one controlled by a predecessor statute of limitations, in this case sec. 102.17(4), Stats. 1965.

A prospective application of sec. 102.66(1), Stats., would render its language relating to the barred claims under sec. 102.17(4) meaningless since the event which triggers the department's payment of funds, a barred claim for occupational disease, can not occur under sec. 102.17(4), Stats. 1975. The department, therefore, would be forever precluded from directing payment to any claimant under sec. 102.66(1), Stats. 1975. A construction of a statute rendering a portion of it meaningless must be avoided. *State v. Wisconsin Telephone Co.*, 91 Wis.2d 702, 714, 284 N.W.2d 41 (1979).

In addition, the rule of prospective application ordinarily does not apply to remedial statutes. In *Steffen v. Little*, 2 Wis.2d 350, 357–358, 86 N.W.2d 622 (1957), this court stated that the doctrine of prospective application of statutes:

" '. . . is not understood to apply to remedial statutes, which may be of a retrospective nature, provided that they do not impair contracts or disturb absolute vested

rights, and only go to confirm rights already existing and in furtherance of the remedy, by curing defects and adding to the means of enforcing existing obligations.' " Cited with approval in *Mosing v. Hagen*, 33 Wis.2d 636, 641, 148 N.W.2d 93 (1967).

The Worker's Compensation Act is a remedial statute. *Jaeger Baking Co. v. Kretschmann*, 96 Wis.2d 590, 602, 292 N.W.2d 622 (1980). The purpose of sec. 102.66(1), Stats. 1975, is to direct payment or compensation to employees who have suffered a particular form of work-inflicted injury but whose claims for occupational disease have been extinguished by the statute of limitations. Moreover, sec. 102.66(1) does not impair contracts or disturb absolute vested rights because the employer or former employer does not pay the worker, the money comes from the supplemental fund. The state argues alternatively that only those claims where the six-year period of limitation expired after the effective date of the 1975 Act are included. This would bar all claims under the six-year statute arising before December 30, 1969. We reject this argument because the legislature could have included express provisions within the statute, specifying such a limited retroactive application, if that had been its intent.

The state contends that sec. 102.03(4),[6] Stats., precludes the retroactive application of sec. 102.66(1). We reject this argument. Sec. 102.03(4) applies, by its own terms, to "compensation." That "compensation" refers to compensation by the employer, as described in the first clause of sec. 102.03: "Liability under this chapter shall exist against an employer . . ."

By contrast, sec. 102.66(1), Stats., provides for "payments in lieu of worker's compensation payments." That

---

[6] Sec. 102.03(4), Stats. "**Conditions of liability.** . . (4) The right to compensation and the amount thereof shall in all cases be determined in accordance with the provisions of law in effect as of the date of the injury."

section provides for recovery independent of sec. 102.03 liability and also contains its own provisions governing the amount of such benefits.

Even if this court did accept the state's argument that sec. 102.03, Stats., is relevant, the provisions of that section would be in conflict with the statute of limitations provision of sec. 102.66(1), Stats. 1975, as construed above. When a general and a specific statute relating to the same matter conflict, the specific statute controls. This is applicable when the specific statute is enacted after the general statute. *Sigma Tau Gamma Fraternity House v. Menomonie*, 93 Wis.2d 392, 402, 288 N.W.2d 85 (1980). Sec. 102.66(1) is both more specific and more recently enacted than sec. 102.03(4), and therefore would govern claimant's right to compensation, if sec. 102.03 were considered applicable.

It is argued in dissent, that secs. 990.06 and 991.07, Stats. 1979–80, apply to this case. Both of those sections apply where a statute of limitations has already commenced to run at the time of its repeal *and* where *"a limitation or period of time for such purpose shall be prescribed in these revised statutes."* Sec. 991.07, Stats. (Emphasis added.)

In those circumstances, the new statute of limitations applies to actions accruing after its effect and the repealed act remains in force as a limitation on actions where it has already commenced to run. Sec. 102.17(4), however, provides that: "In the case of occupational disease there shall be no statute of limitations." Thus, the requirement of secs. 990.06 and 991.07 that "a limitation or period of time for such purpose shall be prescribed" is conspicuously absent.

The dissenting opinion states that its writer "can see no difference between repealing a limitation period entirely and substituting a different period." That distinction is no more elusive than any difference between

something that exists and something that does not. There is no statute of limitations on occupational disease.

It is widely known that occupational diseases, unlike worker injuries, may produce symptoms only after a long period of time. Rather than attempt to establish a limitation on actions appropriate to each occupational disease, the legislature chose to ensure that workers who develop work-induced disease should receive compensation, no matter how distant in time the disease develops after its occupational cause.

We hold, therefore, that sec. 102.66(1), Stats. 1975, did authorize the commission to award payment to claimant whose otherwise meritorious claim has been barred by the statute of limitations in effect at the time his claim arose, and affirm the judgment of the circuit court.

*By the Court.*—Judgment affirmed.

WILLIAM G. CALLOW, J. *(concurring).* I concur in the majority opinion because I conclude that the legislature, in creating sec. 102.66(1), Stats. 1975, intended to recognize this state's concern for workers suffering occupational diseases, regardless of when those diseases were discovered or when the right to benefits accrued. I believe the statute is fully retroactive. The supplemental benefit fund created by sec. 102.65, Stats., 1975, from which Cowden's recovery would be made, is funded by moneys paid by employers under the circumstances outlined in secs. 102.49 and 102.59(2), Stats. Because the fund represents a new source against which an employee can claim, the statute does not revive an old cause of action; it creates an entirely new one. I am confident that this is well within the realm of permissible legislative action.

It is important to recognize, however, that the employers themselves cannot be assessed for additional fi-

nancial contributions as a direct result of these claims. If the fund runs low, the legislature will be obliged to fund the account from a source other than the employers'.

COFFEY, J. *(dissenting).* The majority holds that sec. 102.66(1), Stats., 1975, · applies retroactively to claims barred before the effective date of the statute because the statute of limitations, sec. 102.17(4) had expired. The majority does not rely on any express language in sec. 102.66(1). The majority relies on an amendment to sec. 102.17(4), which was part of the same act creating sec. 102.66(1). The amendment to sec. 102.17(4) repealed the statute of limitations in cases of occupational disease, "except that benefits or treatment expense becoming due [after the limitation period would have expired] shall be paid from the work injury supplemental benefit fund . . . ." The majority looks to the opening words of sec. 102.66(1), "[i]n the event that there is an otherwise meritorious claim for occupational disease barred solely by the statute of limitations under s. 102.17(4) . . . ." Because there is no longer any statute of limitations for occupational disease, the majority construes the reference to sec. 102.17(4) to mean the statute as it existed prior to amendment. Thus far, I am in accord with the majority. However, I part company when the majority says:

"A prospective application of sec. 102.66(1), Stats., would render its language relating to the barred claims under sec. 102.17(4) meaningless since the event which triggers the department's payment of funds, a barred claim for occupational disease, can not occur under sec. 102.17(4), Stats. 1975. The department, therefore, would be forever precluded from directing payment to any claimant under sec. 102.66(1), Stats. 1975." *Supra,* at 404.

Sec. 991.07, Stats., provides as follows:

"In any case when a limitation or period of time prescribed in any act which is hereby repealed for the acquiring of any right or the barring of any remedy or for any other purpose shall have begun to run and a limitation or period of time for such purpose shall be prescribed in these revised statutes, the limitation or period prescribed by these statutes shall be held to apply only to such rights or remedies as shall accrue subsequently to the time when the same shall take effect; and the act repealed shall be held to continue in force and operative to determine all such limitations and periods of time, which shall have previously begun to run, unless in special cases in these revised statutes a different rule shall be prescribed."

A similar provision is contained in sec. 990.06, Stats. I would hold that these statutes apply even though no fixed time period is now applicable to claims for compensation because of occupational disease. I can see no difference between repealing a limitation period entirely and substituting a different period. Under secs. 991.07 and 990.06 the abolition of the limitation period for occupational disease under sec. 102.17 (4), Stats. 1975, applies only to those claims accruing after the effective date of the statute. For claims which accrued prior to the effective date, the predecessor statute of limitations continues to apply, even though the limitation period has not expired. It is clear, therefore, that sec. 102.66 (1) can apply to barred claims prospectively. After December 30, 1975, there was still an unexpired six-year statute of limitations in effect for some injuries, and an unexpired twelve-year statute of limitations in effect for others. The statute would not be rendered meaningless by a prospective application.

The majority rejects the state's argument that only those claims where the period of limitation expired after the effective date of the 1975 act are included within sec. 102.66 (1), stating:

"[T]he legislature could have included express provisions within the statute, specifying such a limited retroactive application, if that had been its intent." *Supra* at 405.

There was no need for the legislature to include any express provisions. The legislature was entitled to rely on secs. 991.07 and 990.06, Stats., which specify the application the majority rejects. This is not a "limited retroactive application," it is a prospective application because the statute is applied to events occurring after its effective date.

The majority also holds that the Worker's Compensation Act is a remedial statute, and therefore the rule of prospective application does not apply. Sec. 102.17(4), Stats., is a statute of limitations. It is subject to the rules set forth in secs. 991.07 and 990.06, and therefore must be held to apply prospectively only. The running of the statute of limitations bars not only the remedy but also the right. The defendants recognize this well-established principle of Wisconsin law by arguing that sec. 102.66 (1) creates a new right against the state fund for supplemental benefits. The general rule is that a statute creating a new right is not to be given retroactive effect unless the intent to do so is clearly expressed. *Chicago, M. & St. P. R. Co. v. Railroad Comm.*, 187 Wis. 380, 204 N.W. 612 (1925). There is no clear expression of legislative intent to have sec. 102.66(1), Stats., applied retroactively. But more importantly, sec. 102.66(1) creates a new remedy for an extinguished right, not a new right.

The claim of McKinley Cowden is based upon a set of operative facts constituting a cause of action which was barred by the running of the six-year period provided by the former sec. 102.17(4). At the time his cause of action was barred, his sole remedy was against his employer or the insurer of his employer. Sec. 102.66(1), Stats. 1975, established a new fund for payment of occupational disease claims. However, the statute clearly

states that the facts constituting the claim are unchanged from those which supported the earlier claim: "An otherwise meritorious claim for occupational disease barred solely by the statute of limitations" but the claim, being barred by the statute of limitations cannot be revived by a legislative enactment.

In light of this court's decision in *Haase v. Sawicki,* 20 Wis.2d 308, 121 N.W.2d 876 (1963), I am unable to conclude that the result obtained by the majority or the reasoning of the concurring opinion is in accord with the due process clause of either the state or federal constitutions.

McKinley Cowden's claim against his employer accrued in 1966. The parties agree that under then existing law, his claim was extinguished in 1972 with the running of the applicable statute of limitations. The constitutional question presented by this controversy is whether the subsequent enactment of sec. 102.66(1), Stats., *see* Laws of 1975, ch. 147, sec. 53, should be construed to allow Cowden to reassert his previously barred claim.

As noted, it is well established in Wisconsin that the expiration of the limitations period absolutely extinguishes a claimant's right and remedy. *Maryland Casualty Co. v. Beleznay,* 245 Wis. 390, 393, 14 N.W.2d 177 (1944). Once a statute of limitations has run, the legislature is without authority to revive the barred claim. *See: e.g., Estate of Peterson,* 66 Wis.2d 535, 225 N.W.2d 644 (1975); *Heifetz v. Johnson,* 61 Wis.2d 111, 115, 211 N.W.2d 834 (1973); *Haase v. Sawicki, supra.*

In *Haase v. Sawicki, supra,* the court considered the validity of an attempt to retroactively change the statute of limitations applicable to claims for wrongful death. By virtue of legislation effective in 1962, the legislature sought to alter the limitations period for all claims arising on or after July 1, 1955. *Id.* at 310. The plaintiff commenced an action in 1962 which, but for the statutory amendment, would have been barred some time in 1961.

In holding this retroactive legislation to be without effect, the court wrote:

"The legislature may not constitutionally enact retrospective laws creating new obligations with respect to past transactions. [Citations omitted.] If a statute of limitations extinguishes the right as well as the remedy, then a statute which attempts to reinstate a cause of action that has been barred is constitutionally objectionable under the foregoing rule. This is because the statute seeks to impose a new duty or obligation even though none existed when the retrospective statute was enacted." *Id.* at 312.

As construed by the majority, sec. 102.66(1), Stats., allows claimants like McKinley Cowden to recover from the work injury supplemental benefit fund despite the fact that their cause of action had been extinguished by sec. 102.17(4), Stats. 1973, the applicable statute of limitations. The majority's construction of sec. 102.66 (1), sanctions the revival of a barred claim with respect to a past transaction and therefore violates the principles articulated in *Haase*. It is suggested by the majority that sec. 102.66(1) is a remedial statute which creates a new obligation with respect to Cowden's previous injury. The general rule is that, if the intent is clearly expressed, the legislature may provide for the retroactive application of new remedies. Sands, *Sutherland's Statutory Construction*, §41.09 at 281 (1973). This rule, however, does not provide authority for the legislature to create a duty to remedy a wrong which by virtue of the operation of a statute of limitations, did not exist at the time the statute was enacted. As pointed out in *Haase v. Sawicki, supra,* such a legislative enactment violates the due process clause of the state and federal constitutions.

For these reasons, I would reverse the judgment of the trial court.

I am authorized to state that Mr. Chief Justice BRUCE F. BEILFUSS and Mr. Justice DONALD W. STEINMETZ join in this dissent.