STATE of Wisconsin, Plaintiff-Appellant,

v.

LABOR & INDUSTRY REVIEW COMMISSION and Robert L. Patterson, Defendants-Respondents.

Court of Appeals

*No. 82–734. Submitted on briefs March 3, 1983.—*
*Decided April 26, 1983.*
(Also reported in 334 N.W.2d 279.)

For the plaintiff-appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Gordon Samuelsen,* assistant attorney general.

For the defendant-respondent Labor and Industry Review Commission the cause was submitted on the brief of *Floyd F. Tefft,* of Madison.

For the defendant-respondent Robert L. Patterson, the cause was submitted on the brief of *Dennis H. Wicht* and *Gillick, Murphy, Gillick & Wicht,* of Milwaukee.

Before, Gartzke, P.J., Dykman, J. and W.L. Jackman, Reserve Judge.

W.L. JACKMAN, Reserve Judge. The state appeals from a judgment which affirmed an award of benefits by the Labor and Industry Review Commission (LIRC) to respondent Patterson. The facts are not in dispute. Patterson has lung disease related to his employment. The last day on which he worked for his employer, the Falk Corporation, was March 8, 1968. He filed a claim

for compensation more than six years later. The issues before us are whether the six- or the twelve-year statute of limitations applies, whether applicant should be awarded "work injury supplemental benefits" under sec. 102.66(1), Stats., and whether applicant is also entitled to "supplemental benefits" under sec. 102.44. We affirm the award of benefits under sec. 102.66(1) and reverse the award of benefits under sec. 102.44(1).

The commission's determination of the statutes' applicability is a question of law which is reviewable by this court. *State v. ILHR Department,* 101 Wis. 2d 396, 401, 304 N.W.2d 758, 761 (1981). We are not bound by the department's determination, but it is entitled to great weight. *Kimberly-Clark Corp. v. PSC,* 110 Wis. 2d 455, 466, 329 N.W.2d 143, 148 (1983).

Section 102.17(4), Stats. (1965), was in effect when Patterson's employment ended. This statute placed a limitation of six years on the right to proceed with a worker's compensation claim. Chapter 150, Laws of 1973, amended sec. 102.17(4) to extend the period of limitation in cases of lung disease to twelve years. The trial court held that the six-year statute governed the case. The state contends that until twelve years expires, the onus of compensation rests on the employer.

We agree with the trial court. Chapter 150, Laws of 1973, nowhere states that it applies to claims accruing before its effective date. Secs. 990.06 and 991.07, Stats.,[1] specifically provide that such a statute is pro-

---

[1] Section 990.06, Stats., provides:

In any case when a limitation or period of time prescribed in any act which shall be repealed for the acquiring of any right, or barring of any remedy, or for any other purpose shall have begun to run before such repeal and the repealing act shall provide any limitation or period of time for such purpose, such latter limitation or period shall apply only to such rights or remedies as shall accrue

spective only. We conclude that the applicable period of limitation expired on March 8, 1974, six years after the last day of Patterson's employment.

Patterson has an otherwise meritorious claim that has been barred by the statute of limitations in effect at the time his claim arose. In such a case, sec. 102.66(1), Stats.,[2] authorizes payment of the claim from the "Work Injury Supplemental Benefits Fund" under sec. 102.65 (1).[3] *State v. ILHR Department*, 101 Wis. 2d at 407,

subsequently to the time when the repealing act shall take effect, and the act repealed shall be held to continue in force and be operative to determine all such limitations and periods of time which shall have previously begun to run unless such repealing act shall otherwise expressly provide.

Section 991.07, Stats., provides:

In any case when a limitation or period of time prescribed in any act which is hereby repealed for the acquiring of any right or the barring of any remedy or for any other purpose shall have begun to run and a limitation or period of time for such purpose shall be prescribed in these revised statutes, the limitation or period prescribed by these statutes shall be held to apply only to such rights or remedies as shall accrue subsequently to the time when the same shall take effect; and the act repealed shall be held to continue in force and operative to determine all such limitations and periods of time, which shall have previously begun to run, unless in special cases in these revised statutes a different rule shall be prescribed.

[2] Section 102.65(1), Stats., provides:

The moneys payable to the state treasury under ss. 102.49 and 102.59, together with all accrued interest, shall constitute a fund to be known as the "Work Injury Supplemental Benefit Fund".

[3] Section 102.66(1), Stats., provides in pertinent part:

In the event that there is an otherwise meritorious claim for occupational disease barred solely by the statute of limitations under s. 102.17(4), the department may in lieu of worker's compensation benefits direct payment from the work injury supplemental benefit fund under s. 102.65 such compensation and such medical expenses as would otherwise be due, based on the date of injury to or on behalf of the injured employe. The benefits shall be supplemental to the extent of compensation liability to any disability or medical benefits payable from any group insurance policy where the premium is paid in whole or in part by any employer, or under any

304 N.W.2d at 763. We affirm that part of the judgment which awards Patterson benefits from this fund.

We next turn to the question of whether payment from the fund includes "Supplemental Benefits" under sec. 102.44(1), Stats., which provides in relevant part:

Notwithstanding any other provision of this chapter, every employee who is receiving *compensation under this chapter* for permanent total disability . . . shall receive supplemental benefits which shall be payable in the first instance by the employer . . . . [Emphasis supplied.]

Compensation is defined in sec. 102.01(2) as worker's compensation. Section 102.66 says that its benefits are "in lieu of compensation." "In lieu of" means "instead of; in place of; in substitution for." *Black's Law Dictionary* (5th ed. 1979). The statute thus describes the benefits as something other than compensation, but taking its place. It would appear that the reason the benefits of sec. 102.66 are referred to as "in lieu of worker's compensation benefits" is to distinguish them from worker's compensation benefits which are obligations of the employer.

■ The supplemental benefits under sec. 102.44, Stats., are provided only for the employe "who is receiving compensation under this chapter for permanent disability . . . ." The right of applicant in this case to recover worker's compensation was barred by sec. 102.17 (4), Stats. (1965). The legislature could have defined compensation to include the benefits in sec. 102.66. It could have extended the benefits of sec. 102.44 to increase the benefits of sec. 102.66. It is not for us to do either.

Insofar as the trial court held that applicant was entitled to benefits under sec. 102.66, Stats., we affirm,

federal insurance or benefit program providing disability or medical benefits. . . .

but as to his right to benefits under sec. 102.44, we reverse and set aside the award of supplemental benefits.

*By the Court.*—Judgment affirmed in part and reversed in part.