**In re Marie ERICKSON, Debtor.**

**Bankruptcy No. WF7–85–02259.**

United States Bankruptcy Court, W.D. Wisconsin.

March 17, 1986.

Terrence J. Byrne, Wausau, Wis., for debtor.

J.R. Tlusty, Abbotsford, Wis., for Dorchester State Bank.

### OPINION AND ORDER

WILLIAM H. FRAWLEY, Bankruptcy Judge.

The debtor, by Terrence J. Byrne, has made an application to avoid liens on certain property pursuant to 11 U.S.C. § 522(b)(2) and Wisconsin Statute § 815.18(6). The Dorchester State Bank, by J.R. Tlusty, objects to the lien avoidance with respect to two assets: a New Holland 479 Haybine and a New Holland 68 Baler. A hearing was held in this matter on January 15, 1986, and briefs have been submitted.

The Wisconsin Statutes provide that certain property is exempt from execution. Listed among such exempt property are one mower and one hay loader. Wis.Stat. § 815.18(6). The debtor maintains that the haybine and baler are the technological successors to the mower and hay loader, respectively, and as such are exempt property.

Traditionally, "hay loader" is the term used to describe the machine that loads hay, after it is dry, from the windrow to the wagon as part of the hay harvesting

process. A baler performs this same function and, in addition, compacts and ties the hay into a bale. The traditional "hay loader" is obsolete and is not used in modern farming. The baler has entirely replaced the "hay loader" and might be considered the new and improved hay loader.

The term "mower" is traditionally used to describe the machine that is used to cut hay. A haybine performs this same function of cutting hay and, in addition, conditions the hay. The haybine is often referred to as a mower-conditioner. The mower is considered an obsolete piece of machinery. The haybine is the technological successor to the mower and has entirely replaced the mower in modern farming.

■ The court must decide the issue of whether the Wisconsin exemption statutes allow the debtor to exempt the particular items in dispute. It is a principle of statutory interpretation that "a statute is to be interpreted, not only by its exact words, but also by its apparent general purpose." *Dielectric Corporation v. Labor and Industry Review Commission,* 111 Wis.2d 270, 330 N.W.2d 606, 610 (1983); *Davis v. State,* 134 Wis. 632, 643, 115 N.W. 150, 155 (1908). It is apparent that the purpose of this legislation was to make the machine used to cut hay and the machine used to load hay exempt from execution. The fact that the machines used for these functions have been technologically improved does not alter the purpose of this legislation.

When interpreting exemption laws, a construction should be used that will allow the debtor to utilize the full benefit of the law. *Opitz v. Brawley,* 10 Wis.2d 93, 102 N.W.2d 117 (1960). "It is well settled that exemption laws must have a liberal construction, within the limits contemplated by the Legislature, so as to secure their full benefits to the debtor." *Julius v. Druckrey,* 214 Wis. 643, 649, 254 N.W. 358, 361 (1934). If the court were to interpret the exemptions as the bank suggests, the debtor would be deprived of the benefits that the Legislature intended to provide.

Another principle of statutory interpretation is that courts should avoid interpreting statutes so as to render the statute meaningless. *State v. DILHR,* 101 Wis.2d 396, 304 N.W.2d 758, 762 (1981). "A construction of a statute rendering a portion of it meaningless must be avoided." *Id.* If the court were to interpret the exemption laws as the bank suggests, the statute would become meaningless as to anything but antiquated machinery.

The bank alleges that the language of the statute is clear and unambiguous and only refers to a mower and a hay loader. The bank cites case law supporting the proposition that when the language of a statute is clear and unambiguous it is the duty of the court to give the words their obvious and ordinary meaning. *Midland Financial Corporation v. Wisconsin Department of Revenue* 116 Wis.2d 40, 341 N.W.2d 397, 399 (1983); *Julius v. Druckrey,* 214 Wis. 643, 254 N.W. 358, 361 (1934); *City of Sheboygan v. Wisconsin Employment Relations Commission,* 125 Wis.2d 1, 370 N.W.2d 800, 802 (Wis.App.1985). The court disagrees with the bank's assertion that the language of this statute is clear and unambiguous.

The language of the exemption statute might have been very clear when drafted, but time has cast a haze of ambiguity on the wordage. It is doubtful that if the drafters were drafting this statute today they would use precisely the same language. At the time of the drafting of this statute the machine used to mow hay was called a mower and the machine used to load hay was called a hayloader. Obviously, the reason that the drafters provided these exemptions was that these machines performed these very essential respective functions. Today the machine that mows hay is called a haybine and the machine that loads hay is called a baler. The debtor should be allowed to take the exemptions that the Legislature intended her to have. Consistent with these notions of statutory construction and interpretation, it is the conclusion of this court that the haybine and the baler are exempt property under Wisconsin exemption laws. Wis.Stat. § 815.18(6).

■ Next the bank argues that the debtor owns a mower and that she should be

required to list the mower as exempt rather than the haybine. The debtor does not use the mower in her farming operation. The debtor did not list the mower as exempt property. The debtor is allowed to choose what property she wants to list as exempt; and it certainly is not the court's duty to tell her what she must claim as exempt. The fact that the debtor owns a mower with a value of $25.00 does not bear at all on the issue of whether a haybine is a "mower" for the purposes of the Wisconsin exemption laws.

Finally the bank argues that if the court were to decide in the debtor's favor, farmers in Wisconsin would be injured because financial institutions would not be able to consider the value of balers and haybines when making farm loans. The bank argues that this would make it even more difficult for farmers to obtain financing and would further worsen the plight of the farm economy. The court points out to the bank that the issues involved in the instant case are not novel. It has already been held that a baler and a mower-conditioner are exempt property under section 815.-18(6) of the Wisconsin Statutes. *In re Brzezinski*, No. 85–00517 (Bankr.W.D.Wis. July 1, 1985). The court is not aware of any evidence that tends to indicate that the decision in *Brzezinski* has had a negative effect on the farm economy.

This opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

### ORDER

NOW, THEREFORE, IT IS ORDERED THAT the Dorchester State Bank's objection to the debtor's application for avoiding liens is hereby denied.