STATE of Wisconsin, Plaintiff-Respondent,

v.

Terry Thomas TREPANIER, Defendant-Appellant.

Court of Appeals

*No.  96–0601–CR.  Oral argument September 11, 1996.—Decided September 24, 1996.*

(Also reported in 555 N.W.2d 394.)

For the defendant-appellant there were briefs and oral argument by *Ruth S. Downs*, assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general and *Warren D. Weinstein*, assistant attorney general. There was oral argument by *Warren D. Weinstein*.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.  Terry Thomas Trepanier appeals a portion of his judgment of conviction requiring payment of $250 to the State's DNA databank program and the order denying the subsequent motion for postconviction relief. Trepanier contends that § 973.046, STATS., requiring this payment, is unconstitutional as violating equal protection because convicted burglars are the only persons required to pay the DNA surcharge without regard to whether a DNA sample is given. Because there is no rational basis for designating burglars as a class to pay the surcharge regardless whether a sample is given, we hold that the statute violates equal protection and the judgment is modified to remove the $250 DNA surcharge.

Trepanier does not contest the validity of his conviction. His only issue on appeal is the constitutionality of § 973.046, STATS. The pertinent parts of the statute are as follows:

> (1)  Beginning on August 12, 1993, if a court imposes a sentence or places a person on probation under any of the following circumstances, the court shall impose a deoxyribonucleic acid analysis surcharge of $250:

507

(a) The person violated s. 940.225, 943.10 or 948.02(1) or (2).

(b) The court required the person to provide a biological specimen under s. 973.047(1).

Section 973.046, STATS. This section demonstrates the legislature's determination that having a DNA bank would be particularly useful in solving certain crimes. The legislature required those convicted of sex crimes to provide a DNA sample and gave the courts discretion in requiring a sample from persons convicted of burglary, among other crimes, such as homicide and kidnapping. Section 973.047(1)(a) and (b), STATS.

The statutes at issue here were passed together to establish the funding and the creation of the DNA bank. In fact, § 973.046, STATS., expressly refers to § 973.047(1). Statutes of such direct and immediate linkage must be construed together. *State v. DILHR*, 101 Wis. 2d 396, 403, 304 N.W.2d 758, 762 (1981). These statutes, taken together, create a scheme where three groups are always required to pay the DNA surcharge: those convicted under § 940.225, STATS. (sexual assault), § 948.02(1) or (2), STATS. (sexual assault of a child), and § 943.10, STATS. (burglary).

Only those convicted in the first two groups, however, are required to submit DNA samples under the statute. Section 973.046(1), STATS. The other groups where, in the court's discretion, a sample could be taken are only required to pay the surcharge if the court in fact requires a DNA sample. Those convicted of burglary alone are required to pay the DNA surcharge regardless whether a sample is actually taken. As a result, some convicted burglars are required to pay the surcharge when no DNA sample is taken. Trepanier was convicted of burglary but not ordered to provide a

DNA sample; however, he was assessed the DNA surcharge as required under the statute. Trepanier contends that this scheme violates the equal protection clauses under the state and federal constitutions.

The constitutionality of this statute is a question of law this court reviews without deference to the trial court. *State v. McManus*, 152 Wis. 2d 113, 129, 447 N.W.2d 654, 660 (1989). Legislative enactments are presumed constitutional and will be upheld if "there is any reasonable basis for the exercise of the legislative power." *Mack v. State*, 93 Wis. 2d 287, 297, 286 N.W.2d 563, 568 (1980). "Every presumption must be indulged to sustain the law if at all possible and, wherever doubt exists as to the legislative enactment's constitutionality, it must be resolved in favor of constitutionality." *McManus*, 152 Wis. 2d at 129, 447 N.W.2d at 660 (quoting *State ex rel. Hammermill Paper Co. v. LaPlante*, 58 Wis. 2d 32, 46, 205 N.W.2d 784, 792 (1973)). The legislation must be held constitutional if there are any facts upon which the legislation could reasonably be based. *State ex rel. Strykowski v. Wilkie*, 81 Wis. 2d 491, 506, 261 N.W.2d 434, 441 (1978). "The party bringing the challenge must show the statute to be unconstitutional beyond a reasonable doubt." *McManus*, 152 Wis. 2d at 129, 447 N.W.2d at 660 (citing *Mulder v. Acme-Cleveland Corp.*, 95 Wis. 2d 173, 187, 290 N.W.2d 276, 283 (1980)).

"The equal protection clause of the fourteenth amendment is designed to assure that those who are similarly situated will be treated similarly." *Treiber v. Knoll*, 135 Wis. 2d 58, 68, 398 N.W.2d 756, 760 (1987). Where the State is not discriminating based upon a suspect classification, the classification need only bear

a rational relationship to a legitimate government interest. *McManus*, 152 Wis. 2d at 130-31, 447 N.W.2d at 660-61. Simply because a statutory classification results in some inequity does not provide a basis for holding it to be unconstitutional. *Id.* at 130-31, 447 N.W.2d at 660. The legislative enactment must be upheld unless it is "patently arbitrary." *Id.* (citing *Frontiero v. Richardson*, 411 U.S. 677, 683 (1973)).

Trepanier asserts there is no rational basis for convicted burglars to be the only class required to pay the DNA surcharge when not required to provide a DNA specimen. The State advances two arguments in its efforts to save the constitutionality of the statute. First, the State argues that it is erroneous to focus on the fact that burglars are required to pay even when not providing a sample when others only pay when giving a sample. The State maintains that § 973.046(1)(a), STATS., is purely a funding provision in that it merely mandates who is required to pay. In contrast, who is actually required to provide a sample is set out in § 973.047, STATS. The State reasons that such a focus would limit the class to those convicted of burglary and that all those in the class are treated equally. We are not persuaded. Statutes that reference each other and that were passed together must be read as a whole. *DILHR*, 101 Wis. 2d at 403, 304 N.W.2d at 762. Separating these statutes and subsections would pervert the intent of the legislature and distort the entire meaning of the statute itself.

The State further contends that because burglars have high rates of recidivism, creating a higher probability of solving crimes with DNA analysis, it is rational for convicted burglars to pay the surcharge. The State misunderstands the issue. The recidivism rate of burglars may provide a rational basis to include

burglars among those who may be ordered to participate in the DNA bank. The issue, however, is not that there is no rational basis for why burglars may be required to give a DNA sample. The issue is why convicted burglars, and only convicted burglars, are required to pay the surcharge when not providing a DNA sample.

Wisconsin has developed a five-part guide when examining the reasonableness of a statute's classifications. They are:

(1) All classification must be based upon substantial distinctions which make one class really different from another.

(2) The classification adopted must be germane to the purpose of the law.

(3) The classification must not be based upon existing circumstances only. . . . It must not be so constituted as to preclude addition to the numbers included within a class.

(4) To whatever class a law may apply, it must apply equally to each member thereof.

(5) That the characteristics of each class should be so far different from those of other classes as to reasonably suggest at least the propriety, having regard to the public good, of substantially different legislation.

*Dane County v. McManus*, 55 Wis. 2d 413, 423, 198 N.W.2d 667, 672-73 (1972). The classification here is not based upon a substantial distinction that makes burglars different from any of the other classes. Accepting that burglars have high recidivism rates, this fact is not rationally related to the requirement that they must pay the DNA surcharge when not

511

providing a sample. Burglars are not so substantially different from all other groups encompassed under the statute as to justify the rule that all burglars pay the surcharge regardless of their participation in submitting a biological sample to the DNA bank.

The adopted classification is not germane to the purpose of the law. The law's purpose was to set up a DNA bank and require those who necessitated its existence to pay for it. This purpose is not advanced by requiring burglars who do not provide a sample to pay the surcharge when other convicted felons are not subject to the fee under the same circumstances. The State certainly has an interest in funding the program, but this is not a sufficient basis to arbitrarily select convicted burglars to always pay from the larger group who is required to submit a sample in the court's discretion. Factor three does not seem to be applicable in this case.

This law does not apply equally to the members of each class. Burglars are a subset of the group of felons for which testing is within the court's discretion. Burglars, however, are the only ones in this group required to pay the surcharge even when not giving a sample.

The characteristics of burglars are not so different to suggest the propriety of different legislation for them in this context. There are certainly rational reasons for § 973.046(1)(a), STATS., to require sexual assault offenders to submit samples, while another group is required to submit samples if the trial court, in its discretion, so orders. The discretionary group is subdivided between burglars and all others, with only burglars being required to pay. In this context, burglars cannot be said to be so different from the other discretionary groups, such as criminal trespass to a

dwelling or criminal trespass to a medical facility, to make their special treatment rational.

■

All other payors of the surcharge are required to provide a sample whether by statute or the court's discretion. There is no other group required to pay the surcharge but not required to provide a DNA sample. There is no rational reason why convicted burglars are the only class of convicted criminals required to fund the DNA bank without submitting a sample.

The State argues that this surcharge should be given an even greater presumption of constitutionality because it is a tax. Tax laws are indeed given great constitutional presumption, especially in the area of equal protection. *Simanco, Inc. v. DOR*, 57 Wis. 2d 47, 54-55, 203 N.W.2d 648, 651-52 (1973). Tax laws are, however, analyzed under the same requirements of equal protection as set out above. Specifically, they must have a rational relationship to a legitimate government purpose. *GTE Sprint v. Wisconsin Bell, Inc.*, 155 Wis. 2d 184, 193-95, 454 N.W.2d 797, 800-01 (1990). Having concluded that there is no rational relationship between the burden imposed only on convicted burglars and the purpose of the statute, the stronger constitutional presumption for tax laws argument is unavailing for the State.

■

Because we conclude there is no rational basis to require only burglars to pay the DNA surcharge when not providing a DNA sample, that part of § 973.046(1)(a), STATS., requiring payment from convicted burglars is unconstitutional. Declaring one part of a statute unconstitutional does not void the entire statute. *See State v. Asfoor*, 75 Wis. 2d 411, 440-41, 249 N.W.2d 529, 542 (1977). In this case, the

513

mandatory payment required from convicted burglars is the only part voided. Thus, any individual, including convicted burglars, required to submit a specimen, will still be validly assessed the surcharge under § 973.046(1)(a) or (b). Considerations of equal protection and due process require that § 973.046(1)(a) be read so as to exclude "943.10" from the text of the statute.

*By the Court.*—Judgment modified; order reversed and cause remanded.