Bevitt vs. Crandall.

---

## BEVITT VS. CRANDALL.

The term "other person" used in subd. 9, sec. 31, ch. 134, R. S., does not include a judgment debtor who is a farmer; it being the clear intention of the legislature to define in subd. 7 the farming tools and implements, &c., which shall be exempt from execution.

The "farming utensils" exempted by said subd. 7 in addition to those specifically named, are limited in value to $50; and that limitation does not apply merely to the "tackle for teams" there mentioned.

ERROR to the Circuit Court for *Dane* County.

*Bevitt*, as constable, levied an execution against the property of *Crandall* upon a grain drill belonging to the latter; and *Crandall* brought his action in the circuit court to recover the property. The court instructed the jury that "unless the proof showed that the plaintiff, when the levy was made, had more than $200 worth of farming utensils other than those enumerated in the law (sec. 31, ch. 134, R. S.), the property in question was exempt." Under this instruction the jury found

for the plaintiff, *Crandall*; and that the value of the drill was
$50; and, a new trial being refused, *Bevitt* brought this action
to reverse a judgment rendered upon the verdict.

*Welch & Lamb*, for plaintiff in error, as to the proper construc-
tion of subd. 9, sec. 31, ch. 134, R. S., cited Smith on Cons.
and Stat. Law, 636–7; *Corning v. McCulloch*, 1 Coms., 47, 69;
*Chegaray v. Jenkins*, 3 Sandf., 409, 413; *Adams v. Bancroft*,
3 Sumner, 386; *Aikin v. Wasson*, 24 N. Y., 482; *Penny v.
Black*, 6 Bosw., 50, 56; *Sandiman v. Breach*, 7 B. and C., 96,
quoted in 2 Parsons on Con., 13, note (r), and 261, note (h c);
1 Bouvier's Law Dic., "*Ejusdem Generis*;" *Tanner v. Billings*,
18 Wis., 163; *Kennedy v. Baker*, 4 Chand., 19; *Grimes v. Bryne*,
2 Minn., 89.

*C. C. Remington* and *S. U. Pinney*, for the defendant in er-
ror, contended that the exemptions provided for in the first
eight subdivisions of sec. 31, are applicable to all persons
alike, irrespective of their occupations; while subd. 9 was in-
tended to provide for the exemption of the tools, implements,
&c. of any mechanic, miner or other person who uses tools
and implements in carrying on his business, including farmers.
If a merchant or banker may have the benefit of subdivisions
7 and 8, as clearly they may, why may not the farmer have
the benefit of subd. 9, when he is clearly within its terms?
Counsel also contended that the limitation to " $50 in value "
applied only to the "tackle for teams" there mentioned; oth-
erwise the exemption could not accomplish anything practical-
ly.    The mere punctuation of the statute is not decisive on a
question of construction; but the spirit and intention of the
law must prevail.   Exemption laws are to be liberally and
beneficially construed.   25 Wend., 370; 9 Wis., 70.   Counsel
also contended that the drill in question was exempt under
subd. 7, as being in fact merely an improved " drag."

*By the Court*, DIXON, C. J.   The question in this case arises
upon the construction of sec. 31, chap. 134, R. S., " Of the

exemption of Personal Property." Subdivision 7 provides for the exemption of "farming utensils," among which "one drag" is named. The defendant in error had one drag besides the grain drill in controversy, which in farming operations is a substitute for the drag in putting in small grains. The farming utensils exempted by subdivision 7, are limited in value to fifty dollars. The grain drill was worth from eighty to eighty-five dollars, and therefore cannot be claimed as exempt under that subdivision. It is claimed under subdivision 9, which exempts "the tools and implements, or stock in trade, of any mechanic, miner, or other person, used and kept for the purpose of carrying on his trade or business, not exceeding two hundred dollars in value." It is insisted that the farmer may come in under the denomination of "other person," and have an exemption of farming utensils, or other tools and implements provided he carry on some other trade or business beside that of farming, to an amount not exceeding two hundred dollars, in addition to the utensils exempted by subdivision 7. Such construction seems to us contrary to the manifest intention of the legislature, and we cannot adopt it. The exemption of the utensils of the farmer are provided for by subdivision 7, and the words "other person," in subdivision 9, are to be applied to mechanics and tradesmen according to the maxim, *Noscitur a sociis.* Nor do we think, as was contended, that a person, by multiplying his employments, can claim the exemption for such. It was designed for the benefit of persons engaged in either occupation or business singly.

Judgment reversed, and a *venire de novo* awarded.