In the Matter of LeRoy J. FLAKE and Connie S. Flake, Debtors.

LeRoy J. FLAKE and Connie S. Flake, Plaintiffs,

v.

PEOPLE'S STATE BANK OF MAZOMANIE, Patron's Mercantile Co-Op, Triple S Feeds, Inc., Defendants.

Adv. No. 83–0139.

United States Bankruptcy Court, W.D. Wisconsin.

Sept. 15, 1983.

Rick M. Koeck, Marquardt & Carlson, Ltd., Prairie Du Sac, Wis., James T. Winch, Mazomanie, Wis., for defendants.

Roy N. Fine, Molbreak Law Office, Madison, Wis., for plaintiffs.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Bankruptcy Judge.

In this adversary proceeding, People's State Bank of Mazomanie and Triple S Feeds, Inc., object to certain of the exemptions claimed by the wife in a joint chapter 7 petition filed by a farming couple. The substance of the creditors' objection is that Mrs. Flake has insufficient ownership interest in the farm implements she claims as exempt to be entitled to avoid liens on the equipment under 11 U.S.C. § 522(f). The

creditors similarly object to the debtor's claim for exemption of 3 items on the grounds that the implements claimed do not fall within the scope of the Wisconsin exemptions statute.[1]

■ On her schedule of exemptions, Mrs. Flake claimed, *inter alia,* an "IHC # 46 baler with thrower" under the exemption for "one binder;" a "324 New Idea 2 row corn picker" under the exemption for "one corn binder;" and an "Allied 48′ bale elevator" for the exemption of a "hay loader." Upon the testimony of the debtors and expert witnesses for both sides, and the briefs of counsel, I am satisfied that the creditors' objections to the exemptions claimed in the IHC baler, Allied bale elevator and New Idea corn picker must be sustained. The evidence shows that these implements are not in fact the binder, hay loader and corn binder provided for in the Wisconsin exemptions statute. Each of the farm implements identified in the statute was different in character and performed a substantially different function in the harvesting of crops than the implements claimed exempt. There was no evidence presented from which I can find that the modern implements of the debtors are the direct successors in farm operations to the now rarely used implements of the statute.

The arguments concerning the extent of Mrs. Flake's legal interest in the farm implements were considered in the decision denying summary judgment in this proceeding. That decision pointed out the possibility that evidence could be adduced to demonstrate that Mrs. Flake had an ownership interest in the equipment sufficient to support her exemption and therefore allow her to avoid liens on the property claimed as exempt.[2]

At trial, uncontroverted evidence showed that Mrs. Flake both keeps house and does farm work. She labors in the field alongside her husband, milks cows, and takes full charge of the bookkeeping. She joins in nearly all phases of the farm work. Loans made for and applied to the needs of the farm were made to Mr. and Mrs. Flake jointly. The Flakes considered themselves to be, and were in fact, working together in a common enterprise.

■ Counsel for People's State Bank has argued ably for the proposition that lien avoidance under 11 U.S.C. § 522(f)(2)(B) ("implements, professional books, or tools") extends no further than a nominal dollar value, irrespective of the absence of such limitation in state law. In so arguing, counsel cites *In Re O'Neal,* 20 B.R. 13 (Bkrtcy.E.D.Mo.1982) and *In Re Yparrea,* 16 B.R. 33 (Bkrtcy.D.N.M.1981), both of which appear to impose this limitation. But both these cases are distinguishable from the present situation which arises under Wisconsin law. In *Yparrea,* so far as the opinion reveals, the New Mexico exemptions statute was general in terms or as interpreted by the courts, extending only to "tools of trade" N.M.S.A. §§ 42–10–1 *et seq.* (1978). In *O'Neal,* similarly, the Missouri statute exempted "[t]ools or other mechanical instruments ... necessary to the practice of any trade." 20 B.R. at 14. Wis.

1. The statute in question, Wis.Stat. § 815.18(6) exempts from creditors' claims:

   Property exempt from execution. No property hereinafter mentioned shall be liable to seizure or sale on execution or on any provisional or final process issued from any court or any proceedings in aid thereof, except as otherwise specially provided in the statutes:
   ....
   (6) LIVESTOCK, FARM IMPLEMENTS AND AUTOMOBILE. Eight cows, 10 swine, 50 chickens, 2 horses or 2 mules, one automobile of the debtor not exceeding $1,000 in value, 10 sheep, and the wool from the same, either in the raw material or manufactured into yarn or cloth; the necessary food for all the stock mentioned in this section for one year's support, either provided or growing or both, as the debtor may choose; also one wagon, cart or dray, one sleigh, one plow, one drag, one binder, one tractor not to exceed in value the sum of $1,500, one corn binder, one mower, one springtooth harrow, one disc harrow, one seeder, one hay loader, one corn planter, one set of heavy harness and other farming utensils, also small tools and implements, not exceeding $300 in value.

2. *See* Decision on Motion for Summary Judgment in Bankr. No. MM7–82–01747 (Bankr.W. D.Wis. Aug. 22, 1983). *Cf.* 31 *Am.Jur.2d, Exemptions,* § 34 (1967).

Stat. § 815.18(6), however, offers its own list of members of the class of tools or implements to be exempted. The cited subsection is titled "Livestock, Farm Implements, And Automobile," and identifies, *inter alia,* the dozen or so specific items of farm machinery claimed by the debtor. The lien avoidance provision of the Bankruptcy Code, § 522(f), provides for avoidance of liens on "implements." Where the state law is specific as to which implements can be exempted any general limitation there may be as to tools of the trade when treated by the statute as a general class does not apply. It is beyond question that the implements named in Wis.Stat. § 815.-18(6) are intended to be among the tools necessary to carry on the trade of farming, a trade in which the debtor is engaged. There being no dollar limit on the value of those implements imposed by the statute creating the exemption none can be engrafted by reference to the federal statute creating an entirely different scheme of available exemptions.

■ I conclude from the evidence, with the guidance afforded by Wisconsin Statutes concerning the division of property between spouses, including Wis.Stat. § 767.-255, discussed in the earlier decision in these proceedings, that Mrs. Flake has a 50% interest in the items she claims as exempt (with the exception of the three implements as to which the creditors' objection has been sustained). She is therefore entitled to avoid liens in these items to the extent of her one-half interest. Judgment may be entered accordingly.