In re Alan E. BRANDENBURG, Lois A. Brandenburg, Debtors.

**Bankruptcy No. WF7–85–02577.**

United States Bankruptcy Court,
W.D. Wisconsin.

April 4, 1986.

Arthur L. Eberlein, Wausau, Wis., for debtors.

Kenneth J. Erler, Milwaukee, Wis., for Aetna Finance Co.

## OPINION AND ORDER

WILLIAM H. FRAWLEY,
Bankruptcy Judge.

The debtors, by Arthur Eberlein, have motioned the court to avoid liens pursuant to 11 U.S.C. § 522(f)(2). Aetna Finance Company (AFC), by Kenneth J. Erler, objects to the motion. A hearing was held on this matter on March 27, 1986, and the issue has been submitted for determination by briefs.

The debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code on December 26, 1985. A no-asset report was filed by the trustee on February 14, 1986. The debtors filed a motion to avoid liens of AFC pursuant to 11 U.S.C. § 522(f)(2)(B) using the federal exemptions listed in § 522(d). The debtors subsequently amended their petition to claim the state exemptions of Wisconsin Statutes § 815.18(6) instead of the federal exemptions of 11 U.S.C. § 522(d). AFC continues to maintain its objection to lien avoidance under the amended motion. Both parties have submitted briefs in support of their respective positions.

The debtors seek to avoid the liens of AFC on the following property:[1]

| Husband | Wife |
|---|---|
| J.D. Chopper Box Wagon | H & S Chopper Box |
| 2–105 White Tractor | Patz Elevator |
| J.D. Corn Planter | 1650 Oliver Tractor |
| J.D. Drag | |
| J.D. 35 Chopper with a corn head | |
| 5 x 16 Plow | |
| N H Blower | |
| Feed Easy Elevator | |

The debtors contend that they are engaged in farming and that the items listed are implements or tools of their trade as provided by 11 U.S.C. § 522(f)(2)(B). AFC does not dispute this contention. Instead, AFC argues that the debtors have failed to establish that these items fall within the scope of § 815.18(6) Wis.Stat.

§ 815.18(6) of the Wisconsin Statutes provides:

> *Property exempt from execution.* No property hereinafter mentioned shall be liable to seizure or sale on execution or on any provisional or final process issued from any court or any proceedings in aid thereof, except as otherwise specially provided in the statutes:
>
> (6) LIVESTOCK, FARM IMPLEMENTS AND AUTOMOBILE. Eight cows, 10 swine, 50 chickens, 2 horses or 2 mules, one automobile of the debtor not exceeding $1,000 in value, 10 sheep, and the wool from the same, either the raw material or manufactured into yarn or cloth; the necessary food for all the stock mentioned in this section for one year's support, either provided or growing or both, as the debtor may choose; also one wagon, cart or dray, one sleigh, one plow, one drag, one binder, one tractor not to exceed in value the sum of $1,500, one corn binder, one mower, one springtooth harrow, one disc harrow, one seeder, one hay loader, one corn planter, one set of heavy harness and other farming utensils, also small tools and implements, not exceeding $300 in value.

It is well established that the Wisconsin exemption statute should be construed liberally. AFC argues that the lien avoidance provisions of the Bankruptcy Code should not be given such a liberal interpretation. It is true that the lien avoidance provisions of § 522(f) may be subject to a more restrictive interpretation than the state exemption statutes. However, the only disputed issue involved in the case sub judice is whether the particular items listed fall within the scope of the Wisconsin exemption statute. It is not disputed that all the items of debtors' listed farm machinery are implements or tools of the debtors' trade under § 522(f)(2)(B). Therefore, the liberal construction rule of the Wisconsin exemption statutes should be applied.

AFC argues that the debtors carry the burden of proof in showing that the items listed are exempt property. AFC would argue the debtors did not introduce evidence that each particular item listed falls within the scope of § 815.18(6) Wis.Stat. and, therefore, their motion should be denied. AFC cites case law, *Matter of Flake,* in support of its proposition. *Matter of Flake,* 33 B.R. 275 (Bankr.W.D.Wis.1983). AFC misconstrues the clear language of the case it cites. *Flake* stands for the proposition that when a debtor seeks to avoid liens on modern farm implements that are substantially different in character from the farm implements identified in the statute, then the debtor must present evidence that the modern implements are the direct successors of the antiquated implements listed in the statute. *Id.* at 276. The items listed by the debtors are not different in character from those listed in the statute. AFC asks the court to require the debtors to prove that a plow is a plow before they may claim the exemption they are entitled to under § 815.18(6) Wis.Stat. Its argument is absolutely without merit. This court will not require the financially distressed debtors to incur the added expense of presenting expert testimony simply to establish the obvious.

---

1. The debtors' motion also sought to avoid the lien on a manure pump. This item has been removed from their motion because they believe it is a fixture.

The items listed by the debtors all clearly fall within the scope of the exemptions provided by § 815.18(6) Wis.Stat.:

### Husband

The J.D. Chopper Box Wagon is a wagon.

The 2–105 White Tractor is a tractor with value listed under $1,500.

The J.D. Corn Planter is a corn planter.

The J.D. Drag is a drag.

The J.D. Chopper with a corn head is a corn binder.

The 5 × 16 Plow is a plow.

The N.H. Blower is a farm implement with value listed under $300.

The Feed Easy Elevator is a farming utensil.

### Wife

The H & S Chopper Box is a wagon.

The Patz Elevator is a tool with value listed under $300.

The 1650 Oliver Tractor is a tractor.

This opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

### ORDER

NOW, THEREFORE, IT IS ORDERED THAT, Aetna Finance Company's objection to the debtors' motion is denied.

IT IS FURTHER ORDERED THAT, the debtors' motion seeking avoidance of liens of Aetna Finance Company is hereby granted.