In re Neal WERNER, Donna Werner, Debtors.

Bankruptcy No. WF7–86–0524.

United States Bankruptcy Court, W.D. Wisconsin.

July 2, 1986.

Terrence J. Byrne, Wausau, Wis., for debtors.

Robert J. Reinertson, Wausau, Wis., for The Stratford State Bank.

## MEMORANDUM OPINION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

WILLIAM H. FRAWLEY, Bankruptcy Judge.

The debtors, by Terrence Byrne, have brought this motion pursuant to 11 U.S.C. § 522(f) and Bankruptcy Rule 4004 to avoid liens on property. The Stratford State Bank (SSB), by Robert Reinertson, objects to the debtors' motion. A hearing was held on this matter on April 16, 1986, and an adjourned hearing was held on June 18, 1986. The issues have been submitted for determination by briefs.

The debtors have applied to avoid liens pursuant to § 522(f) of the Bankruptcy Code on property they claim as exempt under § 815.18 of the Wisconsin Statutes. SSB holds a non-possessory, non-purchase money security interest in the property involved in this dispute. Such property consists of:

1. 1800 Oliver Diesel Tractor.
2. Rex Self-unloading Chopper Wagon.
3. Twelve Foot Wheel Disc.
4. Cultipacker.
5. Bug Killer.

6. Welder.
7. Drill Press.
8. ICH 56 Blower.
9. Meyers Manure Spreader.

■ The debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 6, 1986. On March 8, 1986, the debtors held a voluntary sale at which most of the above mentioned farm items were sold. SSB argues that the debtors should not be allowed to exempt the proceeds of these items of equipment. The court disagrees. It has been firmly established that debtors are entitled to the exemptions they had available on the date of filing their bankruptcy petition. *Matter of Rivera,* 5 B.R. 313, 315 (Bankr.M.D.Fla. 1980).

A debtor's available exemptions are determined at the time of filing the bankruptcy petition. *White v. Stump,* 266 U.S. 310, 313 [45 S.Ct. 103, 104, 69 L.Ed. 301] (1924); *In re Sajkowski,* 49 B.R. 37, 39 (Bkrtcy.R.I.1985). Once a debtor's available exemptions are determined, a debtor generally will not lose the available exemptions because of the subsequent sale of the exempt assets.

*In re Patterson,* 64 B.R. 120 (W.D.Wis. 1986).

■ Next, SSB argues that the debtors only applied for lien avoidance with respect to "tools of the trade" and, therefore, avoidance should be limited to those items specifically listed under Wisconsin Statute § 815.18(8) as "tools for trade." This argument is without merit. The debtors applied to avoid liens on implements or tools of the trade and use this phrase in the context of § 522(f) of the Bankruptcy Code. The definition of what a tool of the trade is must be obtained from the Bankruptcy Code and should not be circumscribed by state statutes. It is well settled that farm implements constitute tools of the trade under § 522(f) of the Bankruptcy Code. *Middleton v. Farmers State Bank of Fosston,* 41 B.R. 953 (D.Minn.1984).

■ SSB argues that § 815.18(6) of the Wisconsin Statutes should be construed so as to limit the exemption to only those items specifically listed as exempt, and should not be construed to include the modern versions of the items listed. The court disagrees. It has been held that modern implements that are the direct successors in farm operations to the implements listed in § 815.18(6) should be included within the exempt classification. *In re Erickson,* 80 B.R. 119, (Bankr.W.D.Wis.1986); *Matter of Flake,* 33 B.R. 275 (Bankr.W.D.Wis.1983).

■ Finally, SSB objects to each specific item asserting that such items do not constitute exempt property within the meaning of Wisconsin Statute § 815.18. Initially, the court notes that each debtor is entitled to claim his or her own exemptions. Wis. Stat. § 815.18(30)(b).

1. The Oliver Diesel Tractor is a "tractor" and the debtors may exempt up to $1,500.00 of the proceeds from the sale of this item. Wis.Stat. § 815.18(6).
2. The Rex Self-unloading Chopper Wagon and Meyer Self-unloading Chopper Wagon are both "wagons" and the proceeds from the sale of these items of equipment are exempt. The evidence introduced at trial indicated that the rack or box and running gear all constitute one item of equipment and, therefore, the whole item is exempt property. Wis.Stat. § 815.18(6).
3. The Twelve Foot Wheel Disc is a disc and clearly exempt property. Wis. Stat. § 815.18(6).

■ The debtors claim the remaining items as exempt as farming tools or implements under Wisconsin Statute § 815.18(6) or as tools for trade under Wisconsin Statute § 815.18(8).

| Mr. Werner | | Mrs. Werner | |
| --- | --- | --- | --- |
| 8 ft. Cultipacker | $ 75.00 | IHC Blower | $200.00 |
| Bug Killer | 50.00 | Meyers Manure | |
| Welder | 150.00 | Spreader | 300.00 |
| Drill Press | 25.00 | TOTAL | $500.00 |
| Misc. Small Tools | | | |
| & Equipment | 200.00 | | |
| TOTAL | $500.00 | | |

All of these items may be considered tools or implements of a farmer. The value of the items does not exceed the limits pre-

scribed in the respective statutes and, therefore, all of these items are exempt property. Wis.Stat. § 815.18(6) and (8). It is the conclusion of the court that the debtors should be allowed to avoid liens and exempt the property involved in this dispute.

This opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.