In re James A. **SUTHEIMER**, d/b/a **Sutheimer Farms**, Debtor.

**Bankruptcy No. WF7-86-01106.**

United States Bankruptcy Court, W.D. Wisconsin, Eau Claire Division.

Aug. 1, 1986.

Terrence J. Byrne, Wausau, Wis., for debtor.

Robert F. Konkol, Stevens Point, Wis., for PCA of Wausau.

## MEMORANDUM OPINION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

### WILLIAM H. FRAWLEY,
Bankruptcy Judge.

The debtor, by Terrence Byrne, has brought this motion pursuant to 11 U.S.C. § 522(f) and Bankruptcy Rule 4003 to avoid liens on property. The Production Credit Association of Wausau (PCA), by Robert Konkol, objects to the debtor's motion with respect to four items of equipment. A hearing was held on this matter on July 16, 1986, and the issues have been submitted for determination by briefs.

The debtor has applied to avoid the non-possessory, nonpurchase-money security interests of PCA pursuant to 11 U.S.C. § 522(f) on property that the debtor claims as exempt under § 815.18(6) of the Wisconsin Statutes. 11 U.S.C. § 522(b)(2). PCA argues that the property the debtor attempts to claim as exempt does not constitute exempt property within the meaning of § 815.18(6) of the Wisconsin Statutes. This statute provides exemptions for:

(6) LIVESTOCK, FARM IMPLEMENTS AND AUTOMOBILE. Eight cows, 10 swine, 50 chickens, 2 horses or 2 mules, one automobile of the debtor not exceeding $1,000 in value, 10 sheep, and the wool from the same, either in the raw material or manufactured into yarn or cloth; the necessary food for all the stock mentioned in this section for one year's support, either provided or growing or both, as the debtor may choose; also one wagon, cart or dray, one sleigh, one plow, one drag, one binder, one tractor not to exceed in value the sum of $1,500, one corn binder, one mower, one springtooth harrow, one disc harrow, one seeder, one hay loader, one corn planter, one set of heavy harness and other farming utensils, also small tools and implements, not exceeding $300 in value.

Wis.Stat. § 815.18(6).

The four items that are the subject of dispute are:

1.) A Meyers 20 foot self-unloader rack and running gear.

2.) A John Deere 30 combine.

3.) A New Holland 782 chopper with corn head.

4.) A Ford 1720 4-row corn planter with electric monitor.

It is not disputed that all four items are implements or tools of the debtor's trade. 11 U.S.C. § 522(f)(2)(B). The sole issue before the court is whether these items of equipment are exempt under Wisconsin law.

■ None of the four items of equipment claimed as exempt are specifically referenced in § 815.18(6) of the Wisconsin Statutes. However, many of the items of machinery listed as exempt under § 815.18(6) have become obsolete and have been replaced by modern farm implements. Under the liberal interpretation that is to be applied to the Wisconsin exemption statute, modern farm implements that perform the same functions as the implements listed in the statute may be claimed as exempt. *In re Brandenburg*, 89 B.R. 793 (Bankr. W.D.Wis.1986); *In re Erickson*, 80 B.R. 119 (Bankr.W.D.Wis.1986). Thus, debtors are allowed to exempt modern farm implements that are substantially different in character from the farm implements identified in the statute, if the debtor can show that the modern implements are the direct successors to the antiquated implements listed in the statute. *In re Brandenburg*, 89 B.R. 793 (Bankr.W.D.Wis.1986); *Matter of Flake*, 33 B.R. 275 (Bankr.W.D.Wis.1983).

■ The debtor argues that the Meyers 20 foot self-unloader rack and running gear constitute a wagon under § 815.18(6). PCA argues that only the running gear is a wagon and the debtors should not be allowed to exempt the rack. The running gear consists of wheels and a system by which the wheels are connected. A rack is what sits on top of the wheels to make a useful wagon. PCA argues that it is possible to buy the running gear separate from the rack and, therefore, only the running gear should be allowed to be exempt as a "wagon."

It is not disputed that the running gear without a rack serves no useful purpose.

Apparently, PCA asserts that only the running gear should be allowed as exempt as a "wagon" because often the running gear is referred to in farm parlance as the wagon. The purpose of the exemption statute, though, was to create an exemption for a useful, functional piece of farm equipment. The combination of the rack and the running gear constitutes a wagon under § 815.18(6). *In re Werner*, 79 B.R. 819 (Bankr.W.D.Wis.1986).

■ The debtor claims that the John Deere 30 combine is exempt as a "binder." The binder was the field implement once used to harvest small grains. The binder is an obsolete farm implement and has been totally replaced in modern farming by the combine. The combine is the field implement used to harvest small grains. In addition, the combine separates the grain from the stalks during the harvesting. This latter function was formerly performed by the thresher, although the thresher was not used in the field. The thresher is also an obsolete farm implement. The combine was so named because it performs the functions of both the binder and the thresher.

PCA argues that the thresher is not listed as an exempt farm implement and, therefore, the combine should not be exempt property either. The court disagrees. The legislature provided an exemption to farmers for the implement that harvests small grains. The implement that performs that function in modern farming is the combine. The mere fact that the implement that harvests the grain now removes the grain from the stalk during the harvesting process should not defeat the exemption provided. Binders are no longer manufactured and they are no longer a useful farming implement. PCA's interpretation of the statute would render it without purpose. The combine is the technological successor to the binder and the debtor should be allowed to claim it as exempt under § 815.18(6) of the Wisconsin Statutes.

■ The debtor claims that a New Holland 782 chopper with a corn head is exempt as a corn binder. The corn binder was the farm implement formerly used to

harvest corn. The corn binder is obsolete in modern farming. The chopper with a corn head is now the implement used to harvest the corn from the field. The chopper with a corn head performs an additional function of chopping the corn during the harvesting process. Formerly the corn was chopped by a stationary piece of equipment known as the silo filler. The silo filler chopped the corn and then sent the corn into the silo. The silo filler is no longer used in modern farming. The implement that is used in modern farming to put the corn into the silo is called the blower.

PCA argues that the chopper with the corn head performs a substantially different function than the corn binder. PCA further argues that it is only the corn head that performs the same function as the corn binder. The corn head is easily detached from the chopper. Although, the corn head must be attached to the chopper in order to be functional. PCA contends that at most only the corn head is exempt as a corn binder.

The field implement formerly used to harvest corn from the field was the corn binder. The farm implement that performs that function in modern farming is the chopper with a corn head. The legislature clearly intended that the implement that harvested corn from the field was to be exempt. The fact that the modern implement can chop the corn in the field during the harvesting process should not defeat the exemption that the legislature intended to create in § 815.18(6). The chopper with a corn head may be considered a new and improved corn binder. A chopper with a corn head constitutes exempt property as a binder under § 815.18(6) of the Wisconsin Statutes.

The debtor claims that the Ford 1720 4–row corn planter is a corn planter under § 815.18(6). PCA does not dispute the debtor's claim for exemption with respect to the corn planter; however, PCA asserts that the electric monitor that is a part on the corn planter should not be allowed as exempt. PCA argues that the electric monitor should be removed from the corn planter. The evidence introduced at trial indicated that the corn planter could be operated without the electric monitor. The electric monitor is attached to and a part of the corn planter, but the expense of removing the electric monitor would not be great. In order for the corn planter to be operational after the removal of the electric monitor, new tubes would have to be installed. The cost of the installation of new tubes would not be excessive.

The electric monitor monitors the corn while it is being planted and indicates whether the planter is operating properly. The planter will operate without the electric monitor. The electric monitor has been compared to the speedometer on an automobile; it is not essential to the operation but it serves a very useful function. The monitor was purchased as a part of the corn planter. Even though it is possible to purchase corn planters without electric monitors, the evidence introduced at the hearing indicated that experienced modern farmers would only use a corn planter that has an electronic monitor. The monitor is a part of the corn planter and is exempt property as a part of the corn planter.

It is the conclusion of the court that all four implements constitute exempt property under § 815.18(6) of the Wisconsin Statutes.

This opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.