**In re Vernon KOWALEWSKI, Marjorie Kowalewski, Debtors.**

Bankruptcy No. WF7–86–00572.

United States Bankruptcy Court, W.D. Wisconsin.

Oct. 23, 1986.

Terrence J. Byrne, Wausau, Wis., for debtors.

William C. Gamoke, Nikolay, Jensen, Scott & Gamoke, Abbotsford, Wis., for The Abbotsford State Bank.

MEMORANDUM OPINION

FINDINGS OF FACT, AND CONCLUSIONS OF LAW

THOMAS S. UTSCHIG, Bankruptcy Judge.

The Abbotsford State Bank (ASB), by William C. Gamoke, has filed an objection to the debtors' claim of exemptions pursuant to Bankruptcy Rule 4003(b). The debtors appear by Terrence J. Byrne and contest the objection. A hearing was held in this matter on August 20, 1986. The issues have been submitted to the court for determination through briefs.

The court is once again requested to interpret the meaning of Wisconsin Statute § 815.18(6).

815.18 *Property exempt from execution.* No property hereinafter mentioned shall be liable to seizure or sale on execution or on any provisional or final process issued from any court or any proceedings in aid thereof, except as otherwise specially provided in the statutes:

· · · · ·

(6) LIVESTOCK, FARM IMPLEMENTS AND AUTOMOBILE. Eight cows, 10 swine, 50 chickens, 2 horses or 2 mules, one automobile of the debtor not exceeding $1,000 in value, 10 sheep, and the wool from the same, either in the raw material or manufactured into yarn or cloth; the necessary food for all the stock mentioned in this section for one year's support, either provided or growing, or both, as the debtor may choose; also one wagon, cart or dray, one sleigh, one plow, one drag, one binder, one tractor not to exceed in value the sum of $1,500, one corn binder, one mower, one springtooth harrow, one disc harrow, one seeder, one hay loader, one corn planter,

one set of heavy harness and other farming utensils, also small tools and implements, not exceeding $300 in value.

ASB argues that the clause "not exceeding $300 in value," applies to all of the items of the statute up to the previous semicolon, i.e., "; also one wagon, cart or dray...." ASB cites case law authority supposedly in support of such an interpretation. *Bevitt v. Crandall*, 19 Wis. 581 (1865). Initially, the court disagrees with ASB's interpretation of the holding in the *Bevitt* case. Regardless, the exemption statute has been renumbered, amended, and substantially changed since the *Bevitt* decision. The substantial modifications render the *Bevitt* decision not applicable to the interpretation of the statute involved in the case sub judice.

ASB further argues that the plain language of the statute mandates the interpretation that ASB suggests. ASB implies that any other interpretation would render the comma prior to the clause, "not exceeding $300 in value," unnecessary. The court disagrees. If a comma were not included in the phrase, "also small tools and implements, not exceeding $300 in value," a debtor could exempt each and every small tool with a value not exceeding $300. The use of the comma in this phrase places an aggregate value limitation of $300 on the "small tools and implements" exemption. *See In re Werner*, 79 B.R. 819, (Bankr.W.D. Wis.1986). The $300 limitation applies only to the "small tools and implements." There are no other value limitations placed on the items in § 815.18(6), except with respect to a tractor and an automobile as specifically prescribed. *Matter of Flake*, 33 B.R. 275 (Bankr.W.D.Wis.1983).

ASB next asserts that since the debtors are married they are entitled to claim only one set of exemptions. The court disagrees. There is no reason to assume that the fact the debtors are married should deprive them of the exemptions to which they are otherwise entitled. The court notes that ASB has the burden of proving in this matter that the exemptions are not properly claimed. Bankruptcy Rule 4003(c). Even though the debtors are married, "each debtor is entitled to claim his or her own exemptions." *In re Werner*, 79 B.R. 819, (Bankr.W.D.Wis.1986). The Wisconsin exemption statute clearly provides that "each spouse is entitled to and may claim the exemptions under this section." Wis.Stat. § 815.18(30)(b).

It is the conclusion of the court that ASB has not sustained its burden of proving that the debtors' exemptions are not properly claimed. Bankruptcy Rule 4003(c). The $300 value limitation of § 815.18(6) applies only to "small tools and implements" as provided in that section. Further, both of the debtors are entitled to claim the exemptions provided them under state law.

This opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

### ORDER

The court having this day entered its memorandum opinion, findings of fact, and conclusions of law;

NOW, THEREFORE, IT IS ORDERED that the Abbotsford State Bank's objection to the debtors' claim of exemptions is hereby denied.