**In re Ronald L. DUSS, Jan L. Duss, Debtors.**

**Bankruptcy No. EU7–87–00830.**

United States Bankruptcy Court, W.D. Wisconsin.

Oct. 30, 1987.

Howard D. White, Eau Claire, Wis., for debtors.

Sheree L. Gowey, Asst. U.S. Atty., Madison, Wis., for Farmers Home Admin.

## MEMORANDUM OPINION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

THOMAS S. UTSCHIG, Bankruptcy Judge.

The debtors, by Howard D. White, have brought a motion pursuant to 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d) to avoid liens. The Farmers Home Administration (FmHA) appears by Assistant U.S. Attorney, Sheree L. Gowey, and objects to the motion. By agreement of the parties, the issues have been submitted to the Court for determination through briefs.

On July 23, 1987, the debtors filed an amended motion to avoid nonpossessory, nonpurchase-money security interests that impair exemptions to which they would have been entitled under § 522(b)(2). Through said motion the debtors seek lien avoidance with respect to certain listed farm equipment.

The debtors filed a second amended exemption schedule on October 14, 1987, claiming exemptions pursuant to § 522(b)(2) of the Bankruptcy Code and § 815.18 of the Wisconsin Statutes. The FmHA has affirmatively conceded that the items listed on said schedule should be allowed as exempt. The debtors have apparently withdrawn their claim for exemption as to the farm equipment not listed in this second amended exemption schedule. Accordingly, the lien avoidance motion with respect to such non-exempt property must be denied in that the security interests are not impairing the debtors' exemptions. *In re Clowney*, 19 B.R. 349 (Bankr.M.D.N.C. 1982).

FmHA does not contend that any of its security interests are either possessory or purchase-money. Nor does FmHA dispute the fact that the trade of the debtors is farming.

■ The debtors seek to avoid FmHA's security interest in thirty (30) acres of hay. They contend that the hay constitutes crops held primarily for the personal, family, or household use of the debtors within the meaning of § 522(f)(2)(A). FmHA argues that the hay is not a consumable and cannot really be considered to be held primarily for personal, family, or household purposes. The Court agrees with FmHA and accordingly the debtors' motion with respect to the thirty (30) acres of hay should be denied.

Finally the debtors seek to avoid the liens on the remaining items asserting that they constitute implements or tools of the trade of the debtors. No party in interest has objected to the debtors' claim of exemptions. Therefore, such property should be allowed as exempt. 11 U.S.C. § 522(*l*).[1] FmHA objects to the motion of the debtors and contends that the exempt items of farm machinery do not constitute tools or implements of the trade of the debtors within the meaning of § 522(f)(2)(B) of the Bankruptcy Code. FmHA bases this argument on dicta from the case of *In re Patterson*, 825 F.2d 1140 (7th Cir.1987).

FmHA's reliance on *Patterson* is misplaced. The *Patterson* decision stands for the single and narrow proposition that expensive farm tools and implements are not *exempt* as tools and implements under § 522(d) of the Bankruptcy Code and, therefore, the liens on such machinery cannot be avoided under § 522(f).[2] The Court

---

**1.** These items were not claimed as exempt in the debtors' original schedules. They were, however, included in the amended exemption schedule filed July 14, 1987, and in the second amended schedule filed October 14, 1987. More than 30 days have expired since the July 14, 1987, filing. The debtors were issued a bankruptcy discharge on July 31, 1987. A no-asset report was issued on May 14, 1987, and the trustee has no objection to the second amended exemptions.

**2.** It should be noted in passing that *Patterson* apparently does not stand for the proposition that any item with a value in excess of $750 is not a tool or implement. Rather, it is "the debtor's aggregate interest, not to exceed $750 in value, in any tool or implement that is exempt." Hence, it would seem that it was contemplated that an implement could have a total fair market value in excess of $750 but the debtor is limited to exempting his intererest in such property to the extent of $750. Therefore if an item has a value slightly in excess of the $750 dollar amount, the debtor can claim the item as exempt. To compute the value of such exemption only the unencumbered portion of the property is counted. This is consistent with the legislative history behind this section of the Bankruptcy Code.

> Property may be exempted even if it is subject to a lien, but only the unencumbered portion of the property is to be counted in computing the "value" of the property for the purposes of exemption.

S.Rept. No. 95–989, 95th Cong., 2d Sess. (1978) pp. 75–76, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5861, 5862.

> Under proposed 11 U.S.C. 541, all property of the debtor becomes property of the estate, but the debtor is permitted to exempt certain property from property of the estate under this section. Property may be exempted even if it is subject to a lien, but only the unencumbered portion of the property is to be counted in computing the "value" of the property for the purposes of exemption. Thus, for exam-

in *Patterson* explictly distinguished situations where property has been allowed as exempt under state law in accordance with § 522(b)(2) of the Bankruptcy Code....

There is authority at this level, though not in this circuit, on the question whether liens on farm machinery may sometimes be avoided by virtue of section 522(f), but that question is distinct. Section 522(f) allows the avoidance of liens on property exempt not only by virtue of 522(d), the list of federal exemptions (that is, the exemptions created by the Bankruptcy Code rather than merely absorbed by it from state law), but also by virtue of state exemption laws, some of which exempt tools of the trade more broadly than section 522(d) does. The same language in section 522(f), since it could be picking up a tools of the trade exemption in state law as well as the tools of the trade exemption (which need not have the same scope) in 522(d), could mean two different things. Thus, cases like *In re Liming*, 797 F.2d 895, 899–901 (10th Cir.1986); *In re LaFond*, 791 F.2d 623, 626–27 (8th Cir.1986), and *Augustine v. United States*, 675 F.2d 582 (3d Cir.1982) all of which allow a lien on farm machinery to be avoided under (f), do not necessarily control the present case, which is under (d).

*In re Patterson*, 825 F.2d 1140, 1146 (7th Cir.1987).

The language of § 522 of the Bankruptcy Code is clear, plain, and unambiguous. Thus the plain meaning of the statute should be controlling. *Jones v. Liberty Glass Company*, 332 U.S. 524, 531, 68 S.Ct. 229, 232–33, 92 L.Ed. 142 (1947); *Rosenman v. United States*, 323 U.S. 658, 661, 65 S.Ct. 536, 537–38, 89 L.Ed. 535 (1945). The Court will now proceed to navigate through the § 522 lien avoidance provision incorporating the relevant facts and using

the above principle of statutory interpretation as its lighthouse.

In Wisconsin a debtor in bankruptcy may choose to use either the federal exemptions as provided by § 522(b)(1) and (d), or the state exemptions provided by § 522(b)(2).[3] In the case sub judice the debtors have chosen to use the state exemptions as provided by § 522(b)(2). Specifically, the debtors have claimed several items of property as exempt pursuant to § 815.18(6) of the Wisconsin statutes. FmHA has affirmatively agreed that these items should be allowed as exempt. Absent an objection by a party in interest, the property claimed by a debtor as exempt is exempt. 11 U.S.C. § 522(*l*).

█ The effect of the exemption is to remove such exempt property from the bankruptcy estate and, after discharge, from the claims of unsecured creditors. 11 U.S.C. § 522(c)(2); H.Rep. No. 95–595, 95th Cong., 1st Sess. (1977). The fact that property is claimed as exempt does not destroy pre-existing valid liens nor prevent the enforcement of such liens. H.Rep. No. 95–595, 95th Cong., 1st Sess. (1977) pp. 360–63 (adopting the rule of *Long v. Ballard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886)); see also *In re Tarnow*, 749 F.2d 464 (7th Cir.1984).

Congress did, however, provide a method by which a debtor could avoid liens on property claimed as exempt. 11 U.S.C. § 522(f). Under § 522(f)(2)(B) debtors may avoid nonpossessory, nonpurchase-money security interests to the extent that such liens impair exemptions to which the debtors would have been entitled in any implements or tools of the trade of the debtors. FmHA's sole objection rests in its contention that the items of property the debtors have claimed as exempt do not constitute tools or implements within the meaning of § 522(f).

---

ple, a residence worth $30,000 with a mortgage of $25,000 will be exemptable to the extent of $5,000. This follows current law. The remaining value of the property will be dealt with in the bankruptcy case as is any interest in property that is subject to a lien.

H.Rept. No. 95–595, 95th Cong., 1st Sess. (1977) pp. 360–363, U.S.Code Cong. & Admin.News 1978, p. 6316.

**3.** This section also provides that a debtor may exempt property under federal law other than § 522(d); however, it is generally referred to as the state exemption provision.

■ Initially, FmHA implicitly asserts that § 522(f)(2)(B) should be limited to the value limitations provided in the federal exemptions of § 522(d). The Court disagrees. It is quite apparent that Congress chose not to place value limitations in § 522(f)(2)(B). Certainly if the result FmHA requests was intended, Congress in its wisdom could have placed value limitations in § 522(f)(2)(B) similar to those placed in § 522(d). Instead, Congress elected to delete such value limitations from § 522(f). The Tenth Circuit Court of Appeals has recently addressed this issue.

[A]lthough the wording of the subsection (f) avoidances closely follows the wording of the subsection (d) exemptions, subsection (f) contains no express dollar limitations on the value of the items that the debtor may avoid. Indeed, that the wording is identical but for the dollar limitations suggests a deliberate omission.

*In re Liming*, 797 F.2d 895, 901 (10th Cir. 1986).

Further, the limitations of § 522(d) do not logically come into the analysis when a debtor has selected the § 522(b)(2) exemptions. When a debtor has elected to use the state exemptions, as is authorized by Congress in § 522(b), it is clearly contrary to the plain language of the statute to "read over" the value limitations of § 522(d) into § 522(f). It should further be noted that a state may opt-out of § 522(b)(1) altogether. Thus, it would be an incongruous result to apply § 522(d) value limitations after a state has affirmatively decided that § 522(d) should not be used. Congress was perfectly aware that states could opt-out of § 522(d) and if it had intended the § 522(d) value limitations in § 522(f), then such limitations would have been directly provided in § 522(f). FmHA has not argued or provided any reason for the Court to believe that Congress somehow "goofed" in not placing value limitations in § 522(f). In addition FmHA's argument has already been rejected in this district. *In re Flake*, 33 B.R. 275, 277 (W.D.Wis.1983).

To reiterate, a debtor may elect to use either the federal exemptions of § 522(b)(1)

and (d) or the state exemptions of § 522(b)(2). Had the debtor ultimately decided to use the § 522(b)(1) exemptions, it may be possible that the language of § 522(b)(1) and (d) could be helpful with respect to § 522(f) lien avoidance issues. However, where a debtor has elected to use the state exemptions in accordance with § 522(b)(2), then § 522(b)(2) is also the operative exemption provision with respect to lien avoidance issues and § 522(d) does not even come into the scheme of the analysis.

■ Next, FmHA argues that the terms tools and implements as used in § 522(f)(2)(B) should be restricted to small hand tools and modest implements. Basically, this is a request that the Court engage in judicial legislation. This request shall be humbly declined. As noted earlier, the language of the statute is quite clear and absent any ambiguity a court should be reticent to engage in statutory reconstruction. The Court notes the statute specifically states *any* tool or implement. The items of property claimed as exempt by the debtors are very much considered tools and implements in the common vernacular. To hold that the subject items of property are not tools or implements would do particular violence to the English language, hedging on verbicide. See, Martin, *Farming in Wonderland*, Norton Bankr.Law Advisor (Sept. 1987). The applicable state exemption statute, § 815.18(6) of the Wisconsin Statutes, provides exemptions for livestock, farm implements, and automobile. Thus, it is patently clear that these items are considered exempt implements under state law.

Wis.Stat. § 815.18(6), however, offers its own list of members of the class of tools or implements to be exempted. The cited subsection is titled "Livestock, Farm Implements And Automobile," and identifies, inter alia, the dozen or so specific items of farm machinery claimed by the debtor. The lien avoidance provision of the Bankruptcy Code, § 522(f), provides for avoidance of liens on "implements." Where the state law is specific as to which implements can be exempted any general limitation there may be as to tools of the trade when treated by the

statute as a general class does not apply. It is beyond question that the implements named in Wis.Stat. § 815.18(6) are intended to be among the tools necessary to carry on the trade of farming, a trade in which the debtor is engaged. There being no dollar limit on the value of those implements imposed by the statute creating the exemption none can be engrafted by reference to the federal statute creating an entirely different scheme of available exemptions.

*In re Flake*, 33 B.R. 275, 277 (Bankr.W.D. Wis.1983). The items claimed exempt by the debtors have in fact been allowed as exempt in accordance with § 522(b)(2) of the Bankruptcy Code and § 815.18(6) of the Wisconsin Statutes.[4]

As a practical matter, in the context of a bankruptcy, farm equipment of substantial value will almost always be encumbered by a non-voidable purchase-money security interest. Further, both the Tenth Circuit Court of Appeals and the Third Circuit Court of Appeals have specifically held that debtors may avoid security interests in expensive farm machinery as tools or implements of the trade of a debtor. *Augustine v. United States*, 675 F.2d 582 (3rd Cir. 1982); *In re Liming*, 797 F.2d 895 (10th Cir.1986). The Eighth Circuit Court of Appeals has specifically rejected the argument of FmHA. *In re LaFond*, 791 F.2d 623 (8th Cir.1986). "We reject [the] contention that large items of farm equipment may not be considered 'implements' or 'tools of the trade.'" *Id.* at 626.

> This section allows debtors "to make a fresh start after bankruptcy by the use of tools or implements necessary to enable him to pursue and make a living at his trade." *In re Duchesne*, 21 B.R. 390, 391 (N.D.N.Y.1982) *See Augustine*, 675 F.2d at 584; *In re Walkington*, 42 B.R. 67 (Bankr.W.D.Mich.1984). We agree with the district court that Congress, in setting the tools of the trade lien avoidance language in a separate subsection than that provided for household, personal, and family goods, intend-

ed that tools and implements could be of more than nominal resale value. ... Congress could not have been totally unaware of the fact that many "tools" or "implements" of the trade are more expensive than ordinary household goods. The literal meaning of the tools of the trade subsection indicated an intention to allow avoidance of liens on large farm implements and tools, items necessary to a debtor'farmer's new beginning. As was insightfully stated in *In re Pommerer* [10 B.R. 935 (Bankr.Minn.1986)]:

> One primary purpose of the Bankruptcy Code is to afford the financially beleagured a fresh start by readjusting financial rights and liabilities ... (Citations omitted). A fresh start cannot be attained by returning a debtor to point zero. Sec. 522(f) encompasses property which Congress envisioned as necessary to give substance to the concept of a fresh start. This property is required for the maintenance, health and welfare of the debtor and his family, and avoids literal destitution. Eliminate them and the debtor would be left financially fresh, but without a start. (Citations omitted). 10 B.R. at 946.

*Id.* at 627.

The items of equipment that the debtors have claimed as exempt are "tools" and "implements" within the meaning normally ascribed to these terms. It is conceded that these items are exempt under § 815.18(6) of the Wisconsin Statutes which provides that these implements are exempt from execution. It is the conclusion of the Court that the debtors' motion to avoid liens on farm implements and equipment should be granted with respect to such implements allowed as exempt.

This opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

---

**4.** The Court notes that the state exemption statute does in fact provide dollar limitations for certain items such as an automobile and a tractor. Two cases have recently been decided that

specifically relate to § 815.18(6) of the Wisconsin Statutes. See *In re Erickson*, 815 F.2d 1090 (7th Cir.1987); *In re Kowalewski*, 78 B.R. 553 (Bankr.W.D.Wis.1986).