**In re Gary THOMPSON, Randalyn Thompson, Debtors.**

**No. WU7–87–01729.**

United States Bankruptcy Court, W.D. Wisconsin.

Feb. 1, 1988.

Terrence J. Byrne, Wausau, Wis., for debtors.

William C. Gamoke, Nikolay, Jensen, Scott, Gamoke & Grunewald, S.C., Colby, Wis., for Abbotsford State Bank.

### MEMORANDUM OPINION, FINDINGS OF FACT AND CONCLUSIONS OF LAW

THOMAS S. UTSCHIG, Bankruptcy Judge.

The debtors, by Terrence J. Byrne, have brought a motion pursuant to 11 U.S.C.

§ 522(f)(2) and Bankruptcy Rule 4003(d) to avoid liens on certain farm tools and implements. The Abbotsford State Bank (Bank) appears by William C. Gamoke and holds perfected security interests in the farm tools and implements of the debtors. The Bank has filed written objection to the debtors' motion. The legal issues involved in this dispute have been submitted to the Court for determination through briefs.

The Bank initially bases its objection entirely on the assertion that farm implements such as the debtors' do not constitute tools or implements of the trade of a farmer. In support of this proposition, the Bank places reliance on *In re Patterson,* 825 F.2d 1140 (7th Cir.1987). The debtors argue that their farm implements which are used in their trade of farming are certainly tools and implements of their trade. In its brief, the Bank argues two other grounds as to why the debtors' motion seeking lien avoidance should be denied.

A summary of the issues to be addressed is as follows:

I. Whether a farm implement of relatively substantial value is a "tool" or "implement" of the trade of a farmer within the meaning of those terms as used in 11 U.S.C. § 522(f)(2)(B).

II. Whether 11 U.S.C. § 522(b) is unconstitutional in that it provides a non-uniform system of exemptions.

III. Whether 11 U.S.C. § 522(f)(2)(B) is unconstitutional in that it provides for an uncompensated "taking" of property in contravention of the Fifth Amendment to the Constitution of the United States.

I.

The Bank initially argues that farm implements of substantial value are not "tools" or "implements" within the meaning of those terms as used in § 522(f)(2)(B) of the Bankruptcy Code. It cites *In re Patterson,* 825 F.2d 1140 (7th Cir.1987), in support of its argument. The Bank's reliance on *Patterson* is misplaced. The *Patterson* case is strictly an interpretation of the federal exemption provision of § 522(d) and does not apply to this case.

"The *Patterson* decision stands for the single and narrow proposition that expensive farm tools and implements are not *exempt* as tools and implements under § 522(d) of the Bankruptcy Code and, therefore, the liens on such machinery cannot be avoided under § 522(f)."

*In re Duss,* 79 B.R. 821, 822 (Bankr.W.D. Wis.1987).

The Bank apparently claims to hold perfected security interests in the following property of the debtors:

All equipment, livestock (including the young of all livestock), crops, livestock feed, farm supplies, inventory, documents relating to inventory, general intangibles, accounts, contract rights, chattel paper and instruments now owned or hereafter acquired by debtor (or by debtor with spouse); and all additions and accessions to, all spare and repair parts, special tools, equipment and replacements for, and all proceeds and products of the foregoing.

The debtors have moved to avoid the liens of the Bank on the following farm tools and implements:

Gravity wagon
Ford plow
Disc
Drag
Ford 5000 tractor w/loader (first $1,500.00)
Case 660 combine
NH mower-conditioner
NH chopper w/corn and hay head
Corn planter
NH baler
Grain drill
Hay wagon
Ford 5000 tractor (first $1,500.00)
Side rake (first $1,000.00)

The relevant Bankruptcy Code provision with respect to this motion, § 522(f)(2)(B), provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor

would have been entitled under subsection (b) of this section, if such lien is—

.    .    .    .    .

(2) a nonpossessory, nonpurchase-money security interest in any—

.    .    .    .    .

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor;

█ The debtors have elected to use the exemptions provided by 11 U.S.C. § 522(b)(2) and § 815.18(6) and (8) of the Wisconsin Statutes. See, *In re Erickson,* 815 F.2d 1090 (7th Cir.1987). No objection has been made as to the exempt nature of the subject items of property. Hence, such property has been allowed as exempt. 11 U.S.C. § 522(1). The Bank does not object to the debtors' claim of exemption with respect to the subject items of property.

The security interests of the Bank are nonpossessory and nonpurchase-money. In addition, the security interests of the Bank are liens which impair the debtors' exemptions. The trade of the debtors is in fact farming. It has been stipulated that the subject items of property are considered farm implements and are used by the debtors as such in their farming operation.

The issue remaining is whether the subject items of property constitute "tools" or "implements" within the meaning of those terms as used in § 522(f) of the Bankruptcy Code. The Bank contends that the subject items of property are not "tools" and "implements", because they have substantial value. The Bank asserts that assets of substantial value do not constitute "tools" or "implements" for lien avoidance purposes.

There is no value limitation placed in § 522(f) with respect to what may constitute a tool or implement. The implication of this lack of any value limitation in § 522(f) is that no such value limitation was intended. *In re Liming,* 797 F.2d 895,

901 (10th Cir.1986). The Code clearly states that a debtor may avoid a lien on *"any"* tool or implement. 11 U.S.C. § 522(f)(2). In fact, it has been specifically held that farm debtors may avoid liens on farm implements of substantial value. *In re LaFond,* 791 F.2d 623 (8th Cir.1986); *Augustine v. United States,* 675 F.2d 582 (3rd Cir.1982). All of the issues involved herein were addressed in the previous decision of *In re Duss,* 79 B.R. 821 (Bankr.W. D.Wis.1987). There is no need to reiterate the reasoning set forth in that decision. Farm implements are indeed implements of the trade of farmers.[1]

The Court feels compelled to briefly address the over-used economic argument with regard to lien avoidance on farm implements. It has been argued that courts should decline to allow lien avoidance on farm implements because it leads to a windfall for farm debtors filing bankruptcy. It further places the onus of additional economic burden on farmers who have not filed bankruptcy in the form of higher interest rates and difficulties in obtaining financing. A countervailing argument is to the effect that the economic impact of leaving farm debtors without sufficient assets to generate a livelihood would be reflected in higher taxes and various negative social consequences. In addition, lending institutions increasingly rely on cash flow as a basis for agricultural lending decisions due to the fact that asset value is only tenuously related to a debtor's ability to service a loan. Of course, lending institutions still use asset value as a factor to ensure repayment in the event of default. Regardless, the essential point is that the Judiciary is not the regulator of the economy. Courts neither write nor re-write legislation. There can be no question but that a farm implement is an implement of the trade of a farmer. Any changes to be engrafted into § 522(f) are best left to the wisdom of Congress.

---

1. It should be noted that the debtors would not be able to avoid a lien on a one million dollar combine as it would not constitute exempt property under Wisconsin law. See, *In re Erickson,* 815 F.2d 1090 (7th Cir.1987). Similarly, it is probable that any piece of farm machinery with excessive value would not be allowed as exempt property under Wisconsin law. Further, expensive farm implements are often purchased by means of seller or third-party financing and are encumbered by purchase money security interests which are not avoidable in bankruptcy.

## II.

■ The Bank next contends that 11 U.S.C. § 522(b) should be declared unconstitutional in that it creates a dual system of exemptions which varies from state to state. The Bank argues that the Constitution requires "Uniform Laws on [the] subject of Bankruptcies throughout the United States." U.S. CONST. Art. I, § 8, cl. 4. The Bank asserts that by allowing debtors to use state exemptions a system of non-uniform exemptions is created which is contrary to the mandate of the Constitution for Congress to establish uniform laws on the subject of bankruptcy. The Bank's argument has been addressed and rejected. *See, In re Sullivan*, 680 F.2d 1131 (7th Cir.1982); *Hanover National Bank v. Moyses*, 186 U.S. 181, 22 S.Ct. 857, 46 L.Ed. 1113 (1902).

## III.

■ The Court has been requested to determine the constitutionality *vel non* of 11 U.S.C. § 522(f)(2)(B) with respect to the "takings clause" of the Fifth Amendment to the Constitution of the United States. The takings clause provides that "private property [shall not] be taken for public use without just compensation." U.S. CONST. Amend. V. The Bank contends that § 522(f)(2)(B) lien avoidance is a taking of property in violation of the protections of the Fifth Amendment, because the Bank has not been provided with just compensation.

It is doubtful that the framers of the Constitution ever considered to what extent the takings clause of the Fifth Amendment should apply to UCC Article 9 types of security interests. It could be argued that nonpurchase-money, nonpossessory security interests do not amount to "property" within the protection of the Fifth Amendment. However, mortgages, conditional sales contracts or purchase-money security interests, and statutory security interests are "property" encompassed by the Fifth Amendment protections. *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935); *Holt v. Henley*, 232 U.S. 637, 34 S.Ct. 459,

58 L.Ed. 767 (1914); *Armstrong v. United States*, 364 U.S. 40, 80 S.Ct. 1563, 4 L.Ed. 2d 1554 (1960); 11 U.S.C. § 545. Regardless, the Court does not have to grapple with the intricacies of the above issues.

The Supreme Court has ruled that 11 U.S.C. § 522(f) only applies to property rights that come into existence after the date the Bankruptcy Code was established. *U.S. v. Security Industrial Bank*, 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982). The parties in the instant case have stipulated that the lien of the Bank arose subsequent to the effective date of § 522(f) of the Bankruptcy Code. Since the Bank's security interest did not arise until after the effective date of § 522(f) it cannot be said that § 522(f) effected an uncompensated taking. The Bank asserts that whether prospective or retrospective in its application, § 522(f)(2)(B) is a "taking" of property. The Bank basically argues that a taking by any other name is still a taking.

The Court disagrees. Under Wisconsin law a security interest is defined as "an interest in personal property or fixtures which secures payment or performance of an obligation." Wis.Stat. § 401.201(37). Wisconsin law further makes such security interests subject to the provisions of the Bankruptcy Code. Wis.Stat. § 409.104(1). Hence, security interests created under Wisconsin law are subject to avoidance should § 522(f) of the Bankruptcy Code be applied. The Bank should have known that security interests in personal property were defeasible when it obtained its security interests. In addition, the Bank was charged with imputed knowledge that its security interests were subject to such defeasance. *In re Prima*, 88 F.2d 785, 788 (7th Cir.1937). The Bank's security interests were strictly conditioned on the debtors' right to avoid such security interests under the Bankruptcy Code. Accordingly, the debtors' exercise of that right does not constitute a taking.

■ The Court notes that 11 U.S.C. § 522(f)(2)(B) does not violate the due process clause of the Fifth Amendment to the United States Constitution in that it is a rational exercise of Congress' bankruptcy

power and is prospective in application. *U.S. v. Security Industrial Bank,* 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982). *In re Gifford,* 688 F.2d 447 (7th Cir.1982).

Finally, it appears that 11 U.S.C. § 522(f) is merely a "regulation" and does not constitute a "taking." The enactment of § 522(f) put creditors on notice that nonpossessory, nonpurchase-money security interests in personal property were subject to the condition that they could be avoided if they impaired a debtor's exemptions in bankruptcy proceedings. Basically this is a regulation of Congress limiting the methods lenders may utilize to seek repayment of loans. By being limited to prospective application, § 522(f) does not deprive creditors of vested property rights. It merely conditions security interests in personal property by making them defeasible.

The debtors in the case *sub judice* were required to provide the Bank a security interest in property that was exempt from execution under state law as a condition to receiving financing from the Bank. The debtors apparently needed such financing to continue their farming operation which was the means of their livelihood. In essence, the debtors were required to waive their right to claim the exemptions they were intended to have.

The Bankruptcy Code was designed to ensure that debtors could come through bankruptcy proceedings with sufficient assets to obtain a meaningful fresh start. One of the ways that this is accomplished is by regulating the extent to which security interests may impair a debtor's exemptions. The relevant lien avoidance provision, § 522(f), is simply a rational regulation of lending practices under the power of Congress to establish laws on the subject of bankruptcies. U.S. CONST. Art. I, § 8, cl. 4.

This opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.